**Cindy CHANG, Plaintiff,**

v.

**NORTHWESTERN MEMORIAL HOSPITAL, et al., Defendants.**

**No. 79 C 141.**

United States District Court,
N. D. Illinois, E. D.

Aug. 31, 1982.

Patricia C. Bobb, Philip H. Corboy, Nicholas J. Motherway, Chicago, Ill., for plaintiff.

Miles J. Zaremski, Fohrman, Lurie, Sklar & Cottle, Lee J. Dunn, Jr., McDermott, Will & Emery, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

This case is before the court on the defendants' motion to dismiss based on principles of res judicata. For the reasons stated herein, the motion is granted.

Plaintiff commenced this case on January 12, 1979. The claim was for personal injury arising out of an occurrence on February 7, 1977. This case was timely filed under the Illinois two year statute of limitations for personal injury actions. Shortly after the case was filed, defendants moved to dismiss based on lack of diversity jurisdiction. Because of the uncertainty of jurisdiction in this court, plaintiff's attorney filed an identical action in the state court on March 12, 1979.[1] The only difference between the complaints in the federal and state cases is that in the state court plaintiff alleged that she did not discover the fact that she was injured until May 28, 1977. Such an allegation apparently was included to avoid the defense that the two year statute of limitations had run on February 7, 1979.

In the federal case, the motion to dismiss for lack of jurisdiction was briefed by the parties and denied on November 5, 1980 by Judge Grady. The case was assigned to me on December 2, 1980. Defendants kept their motion alive by filing a motion to reconsider on December 5, 1980. The motion to reconsider ·was denied by me on January 29, 1981. Defendants promptly moved for certification under 28 U.S.C. § 1292(b). That motion was briefed and denied on February 27, 1981.

During all of this time the plaintiff's state court action was also pending. In that case, the defendants first moved to dismiss on the ground that the claim was barred under the applicable two year statute of limitations. On June 4, 1979, the defendants' motion to dismiss was denied but the order specifically included the provision that the defendants were not precluded from later moving to dismiss the action if evidence was uncovered to support such a motion. On October 30, 1981, the depositions of the plaintiff and her husband were taken wherein they both testified that they knew of the plaintiff's injury on February 7, 1977, the date of the occurrence. It was thus fairly clear that the state court action was not timely filed. Based on the deposition testimony, the defendants filed a second motion to dismiss on November 2, 1981. Also apparently because of the deposition testimony, on November 3, 1981 the plaintiff filed an "uncontested" motion to dismiss voluntarily and without prejudice. This motion was never formally presented to the state court because it was in fact opposed by the defendants.

The state court granted the defendants' motion to dismiss on December 4, 1981. The state court order stated that "defendants' Motion to Dismiss based on the Statute of Limitations is hereby granted and plaintiff's lawsuit against said defendants is hereby dismissed with prejudice. . . ."

Between the time the defendants' motion to dismiss the federal court case was finally decided by this court on January 29, 1981 and the time the state court ruled on defendants' second motion to dismiss on the statute of limitations point, this court held several status reports with the parties. At these status reports the fact that the plaintiff was continuing to litigate in two forums was discussed. On July 16, 1981, I

---

1. Such a protective measure was not necessary. Under the Illinois Limitations Act, Ill. Rev.Stat. ch. 83, ¶ 24a, had the federal case been dismissed for lack of jurisdiction, the plaintiff would have a year to refile the suit in the state court even though the statute of limitations ran when the federal case was pending. *See, e.g., Sachs v. Ohio Nat. Life Ins. Co.,* 131 F.2d 134 (7th Cir. 1942); *Roth v. Northern* *Assurance Co.,* 32 Ill.2d 40, 203 N.E.2d 415 (1965). In plaintiff's supplemental memorandum requested by the court, plaintiff's attorney avers that the state court case was filed in the state court notwithstanding the Illinois Limitations Act because of the substantial backlog of cases in the state court and plaintiff's desire to "get in line" for trial.

inquired of the plaintiff's attorney: "Are you going to go forward in the State Court or here? * * * We can't let this go on. Are you going to go forward here or in the State Court? * * * it is really unfair for two cases moving along. I think you ought to make up your mind and dismiss the State Court action if you're not going to pursue it just out of sheer fairness to the Court. If the case isn't proceeding, it should be dismissed."

On November 13, 1981, at another status report with the parties, I again inquired about the status of the state court case. Plaintiff's attorney stated: "It is going to be dismissed, and there is a controversy as to the method by which it will be dismissed, but it will be dismissed." The nature of the controversy was not explained at that time but the attorney probably was referring to the fact that the plaintiff's effort to dismiss voluntarily the state court action was being opposed by the defendants who were pressing for a dismissal with prejudice.

The plaintiff unnecessarily litigated her claim in two courts and for 10.5 months after the federal court jurisdictional issue was resolved, the plaintiff continued her state court action. It was not until after the depositions of the plaintiff and her husband were taken that plaintiff filed her motion to dismiss voluntarily the state court case. It seems plain that the plaintiff was keeping her forum options alive until she could make a determination of whether she could survive a motion to dismiss the state court action on statute of limitations grounds. If the plaintiff legally could proceed with the state court action, she might very well have chosen to dismiss the federal court action, depending on how she assessed the probabilities of reversal on appeal in the federal court. If the plaintiff anticipated that the jurisdictional issue in this case might be decided differently on appeal, then under those circumstances, she might elect to proceed in the state court.

The plaintiff was litigating in two forums, wasting judicial time and causing the defendants the extra burden and expense of defending two lawsuits. Given this background, plaintiff's plea that she would be denied unjustly her day in court if the defendants' motion is granted is not persuasive. I have concluded that res judicata bars the present action and, on the facts described above, defendants are entitled to a dismissal. Although this is a harsh result, the plaintiff may seek to avoid it by seeking relief from the judgment of the state court under Section 2–1401 of the Illinois Code of Civil Procedure, by amending the judgment to provide that it is without prejudice.

The issue is whether the state court judgment bars plaintiff's claim in this court. Initially, defendants argue that a dismissal by reason of a statute of limitations is a dismissal that bars any future action in the state where the judgment is rendered. Section 49, Restatement of Judgments (1942). From this defendants conclude that, as the present action is based on diversity, this federal court is no different than an Illinois state court and is bound by the prior dismissal under the statute of limitations, despite the fact that plaintiff timely filed her complaint in this court.

The plaintiff relies on a case involving Section 49 and facts similar to those in the instant case, *Henson v. Columbus Bank and Trust Co.,* 651 F.2d 320 (5th Cir. 1981). In *Henson,* the plaintiff brought a multicount complaint in the United States District Court for the Middle District of Georgia. Only two counts of the complaint are of importance, a claim under the federal Truth in Lending Act ("TIL") and a claim under the Georgia usury law.

The district court declined to exercise pendent jurisdiction over the state law usury claim but continued the remainder of the case, including the TIL claim. The plaintiff then filed an action in the Georgia state court on both the TIL and usury claims. The Georgia state court held that the action was barred by the statute of limitations. Back in the federal court case, the defendant moved to dismiss the pending TIL claim on the basis of res judicata. The motion was denied and the case continued to judgment.

On appeal, the Court of Appeals affirmed, stating[2] (651 F.2d at 324–25):

> In effect, Henson argues that [the state court] decision signifies only that *its* courts may not be used to litigate an otherwise actionable TIL claim; it is not a decision on the merits and, therefore, res judicata does not operate as a bar to Henson's litigation of the claim in federal court.

Henson's position has long been accepted in the federal courts. *Jimenez v. Toledo,* 576 F.2d 402 (1st Cir. 1978); *See also Titus v. Wells Fargo Bank & Union Trust,* 134 F.2d 223 (5th Cir. 1943) (dismissal of diversity case on limitations grounds is without prejudice to bringing the action in another jurisdiction); *Stokke v. Southern Pacific Co.,* 169 F.2d 42 (10th Cir. 1948); *Warner v. Buffalo Drydock Co.,* 67 F.2d 540 (2d Cir. 1933), *cert. denied,* 291 U.S. 678, 54 S.Ct. 529, 78 L.Ed. 1066 (1934); *Cummings v. Cowan,* 390 F.Supp. 1251, 1255 (N.D.Miss.1975). *See also* 1B *Moore's Federal Practice* ¶ 0.409[6] (2d ed. 1965). The Restatement of Judgments provides a clear statement of this principle:

> [I]f the plaintiff brings an action to enforce a claim in one State and the defendant sets up the defense that the action is barred by the Statute of Limitations in that State, the plaintiff is precluded from thereafter maintaining an action to enforce the claim in that State. He is not, however, precluded from maintaining an action to enforce the claim in another State if it is not barred by the Statute of Limitations in that State.

Restatement of Judgments § 49, comment a at 194–195 (1942). The Restatement position is sound, and is supported by the weight of authority. We therefore hold that the Georgia decision does not bar Henson from litigating his TIL claim in the district court. (Emphasis in original.)

■ The general rule stated in Section 49 of the Restatement of Judgments, relied on by the Court in *Henson,* is that the dismissal of a case on limitations grounds in one jurisdiction is not a bar to another action *in another jurisdiction.* That rule was properly applied by the Court since it was "another jurisdiction" from the state court which had dismissed the action. It was "another jurisdiction" since it was exercising federal question jurisdiction in connection with the federal TIL claim.

■ However, the other side of the general rule stated in Section 49 is that the dismissal of a case on limitations grounds in one jurisdiction is a bar to another action *in the same jurisdiction.*[3] That is the rule which is applicable in this case. Here this court is exercising its diversity jurisdiction in connection with plaintiff's state law personal injury action.

■ Certainly after *Guaranty Trust Co. v. York,* 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945), there can be no question that a federal court exercising diversity jurisdiction is "in effect, only another court of the State." Thus, in this case where the federal court is exercising its diversity jurisdiction, this court is a court in the same jurisdiction as the Illinois state court which dismissed the plaintiff's case on

---

**2.** The Court also ruled that the federal district court should have reconsidered the dismissal of the plaintiff's state law usury claim after the state court dismissed that claim on limitations grounds. Such a ruling is consistent with Section 49 of the Restatement of Judgments and 1B *Moore's Federal Practice* at ¶ 0.409 if in exercising pendent jurisdiction over a state law claim the federal court is not in effect a state court.

**3.** In that instance, the federal court is no more than another court in that state. *Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832

(1946). The suit may be filed in some other state or in a federal court sitting in another state or in a non-diversity case, however, because then the other court would apply its own statute of limitations. If the limitations period in the other jurisdiction was longer than the period applied by the state that dismissed the action, the new action would go forward. *E.g., Cummings v. Cowan,* 390 F.Supp. 1251 (N.D. Miss.1975). See the full discussion of these general principles in 1B *Moore's Federal Practice* ¶ 0.409 at pp. 1033–36.

limitations grounds. Under the rule stated in Section 49 of the Restatement of Judgments and 1B *Moore's Federal Practice* ¶ 0.409, plaintiff would be barred from refiling her personal injury claim in this court after the Illinois state court had dismissed it. The fact that the federal action was filed first would not prevent the application of res judicata. See 1B *Moore's Federal Practice* ¶ 0.405[1] at 627 n. 25, and Restatement of Judgments Section 43, which states:

A valid and final judgment rendered in one action is conclusive in another action between the parties although the other action was commenced ... before the commencement of the action in which the judgment was rendered.

Plaintiff argues, however, that the res judicata effect of the state court's dismissal depends on whether the dismissal was on the merits so as to dispose finally of plaintiff's cause of action, and that in Illinois, a dismissal based on the statute of limitations "is generally considered to affect the remedy only, and not a party's substantive right." *Fender v. St. Louis Southwestern Railway Co.,* 73 Ill.App.3d 522, 29 Ill.Dec. 525, 392 N.E.2d 53, 55 (1st Dist. 1977); *Cook v. Britt,* 8 Ill.App.3d 674, 676, 290 N.E.2d 908 (1st Dist. 1972); *Santucci Construction Co. v. Metropolitan Sanitary District,* 55 Ill.App.3d 376, 379, 13 Ill.Dec. 358, 360, 371 N.E.2d 53, 55 (1st Dist. 1977). Being procedural in nature, such a dismissal is not "on the merits." *Santucci, supra, id.* See generally 1B *Moore's Federal Practice* ¶ 0.409[6] at 1034. From this argument the plaintiff concludes that it would be improper to give res judicata effect to the Illinois judgment.

Defendants argue that whether the dismissal was "on the merits" is not relevant because the state court dismissal binds all courts in the state, including this court sitting in diversity, but alternatively contend that under Illinois law a dismissal based on the statute of limitations is "on the merits" pursuant to the statutory rule embodied in

Ill.Rev.Stat. ch. 110A, ¶ 273. That statute provides:

Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.

As the state court's order of dismissal was not based on one of the three stated exceptions, was not governed by another statute, and was not specifically without prejudice (in fact, it was specifically with prejudice), defendants argue that it must be considered an adjudication on the merits.[4]

The three Illinois cases relied on by the plaintiff which state that a dismissal on the ground of the statute of limitations is not on the merits do not acknowledge or discuss the possible ramifications of ¶ 273, nor does any other Illinois case found by this court. The Illinois statute, however, is explicitly based on the last sentence of Rule 41(b), Fed.R.Civ.P., and several federal cases, as well as *Moore's Federal Practice,* do discuss the effect of this rule on a dismissal based on the statute of limitations.

In *Sack v. Low,* 478 F.2d 360 (2d Cir. 1973), four trustees brought an action in the federal district court for the Southern District of New York against a New York brokerage firm alleging violations of the federal securities laws. Prior to this suit, the plaintiffs had filed an action in Massachusetts state court alleging essentially the same cause of action. The Massachusetts court had dismissed this earlier action on statute of limitations grounds. The federal district judge granted summary judgment for defendants on the basis of Rule 41(b), stating that the dismissal under the statute of limitations was a dismissal on the merits.

On appeal, the Second Circuit analyzed the res judicata problem. The court noted that the traditional rule was that

a defense on the basis of the statute [of limitations] was a procedural question on

---

4. The fact that the dismissal order was specifically "with prejudice" constitutes another independent ground for considering the dismissal as being on the merits.

which each forum state would apply its own law and therefore dismissal on that ground represented only a determination that the particular remedy the plaintiff had sought to pursue was unavailable, leaving him free to seek to enforce the right in another forum if the limitations of that forum allowed. This is still the general rule.

478 F.2d at 363. The court determined, however, that this was no longer the rule in the Second Circuit because in *Bertha Building Corp. v. National Theatres Corp.,* 248 F.2d 833 (2d Cir. 1957), *cert. denied,* 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958), an earlier panel had held that Rule 41(b) had superseded the traditional rule and required that a dismissal under the statute of limitations operate as a final adjudication on the merits of the controversy. *Id.* at 364.[5]

In *Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir. 1978), the plaintiff had first filed a complaint in federal court in the Northern District of Ohio alleging that his termination violated the Age Discrimination in Employment Act. The district court dismissed his suit as untimely under Rule 12(b)(6), Fed.R.Civ.P. The plaintiff then filed an action in Michigan state court alleging breach of his employment contract. The defendant removed the case to federal court in the Eastern District of Michigan on the basis of diversity and moved to dismiss on the grounds of res judicata. The Sixth Circuit, in affirming the district court's dismissal of the second action, held that the first court's dismissal operated as a final adjudication on the merits under Rule 41(b), even though it was pursuant to Rule 12(b)(6) and notwithstanding a contrary state rule of res judicata. Accord, *Wachovia Bank & Trust Co. v. Randell,* 485 F.Supp. 39, 491 (S.D.N.Y.1979), and *Murray v. A/S Sobral,* 187 F.Supp. 163, 164 (S.D.N.Y.1960).

On the basis of these cases, I conclude that under Rule 41(b) a dismissal based on the statute of limitations is on the merits. As the Illinois rule is patterned after the federal rule, I further conclude that in Illinois ¶ 273 supersedes the general common law rule and that pursuant to that statute a dismissal based on the statute of limitations is on the merits, unless the order of dismissal specifies otherwise.

Based on the above analysis, principally Section 49 of the Restatement of Judgments and ¶ 273 of Chapter 110A of the Illinois Revised Statutes, it seems clear that res judicata applies and bars the present action. Despite this conclusion that res judicata is applicable here, the court has some discretion in applying it.

Inexorable rules inevitably produce some harsh and unjust results. These might well be a proper price to pay for the sound doctrine of res judicata, if the rule can be maintained only by that price. But a modest use of discretion in applying and moulding res judicata to the facts of the case, while observing the sound principle of finality, need not lead to an impairment of res judicata. In fact such an approach may avoid both harsh results and circumventing technical exceptions and lead, on the whole, to a more forthright application of the sound, basic principles of res judicata.

1B *Moore's Federal Practice* ¶ 0.405[12] at 791. As noted above, the plaintiff has argued that to apply the doctrine to the peculiar facts of this case would lead to the harsh result of depriving the plaintiff of her day in court. However harsh this result, the application of the doctrine of res judicata in this case does further the fundamental purpose of res judicata. Defend-

---

**5.** Prof. Moore has criticized the *Sack* decision as unsound, at least to the extent that it held that Rule 41(b) governs the effect of an action dismissed in state court. But even Prof. Moore agrees that Rule 41(b) governs the effect of a dismissal based on the statute of limitations in a federal action and provides that such a dismissal is on the merits, precluding any subse-

quent action in another federal court. Here, of course, the court is examining the res judicata effect of Rule 41(b) for comparison with the analogous Illinois rule, and on this point the Second Circuit and Prof. Moore are in agreement. See 5 *Moore's Federal Practice* ¶ 41.-14[1] at 41-207 n. 19.

ants present a legitimate grievance to this court. Due to plaintiff's forum shopping, defendants have been compelled to defend against the same claim in two different forums and judicial resources have been wasted. This is clearly unfair to the defendants and it is exactly what the doctrine of res judicata is designed to prevent.

Accordingly, the court grants the defendants' motion to dismiss. This action is, therefore, dismissed.