STEVE D. THOMPSON TRUCKING, INC., **Plaintiff–Appellee,**

v.

DORSEY TRAILERS, INC. and Dyro–Tech Industries, Inc., d/b/a "Cor Tec", **Defendants–Appellants.**

No. 88–4374.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1989.

William E. Brown, Noel J. Darce, C. Lawrence Orlansky, Steven D. Orlansky, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for Dorsey Trailers, Inc.

Raymond J. Salassi, Jr., Covert J. Geary, Jones, Walker, Waechter, Poitevent, Carrere & Denergre, New Orleans, La., for "Cortec" Inc. and Dyro–Tech Industries, Inc.

Jarrell E. Godfrey, Jr., Chaffe, McCall, Phillips, Tolar & Sarpy, New Orleans, La., for Steve D. Thompson Trucking, Inc.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion April 26, 1989, 5th Cir.,
870 F.2d 1044)

Before BROWN, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

In denying the petition for rehearing and suggestion for rehearing en banc, we note that a prior decision of this Court might be construed as somewhat incongruent with the result we reach in the instant case. In *Henson v. Columbus Bank*, 651 F.2d 320 (5th Cir. Unit B 1981), the plaintiff Henson filed suit first in a Georgia federal district court alleging truth in lending violations and pendent state law based claims against the defendant bank. The Georgia federal district court declined to exercise pendent jurisdiction over Henson's state law based claims. Thereafter, Henson filed a duplicative suit in a Georgia state trial court. The Georgia state trial court dismissed Henson's action on limitations grounds. Again pursuing his action in the Georgia federal district court, Henson received a jury verdict in his favor and the court entered judgment on the verdict. On appeal to this Court, the defendant bank argued that the Georgia state court's dismissal on limitations grounds was res judicata as to Henson's claims in Georgia federal district court. Unpersuaded by the defendant bank's contentions in that regard, we affirmed the Georgia federal district court citing section 49, comment (a) of the Restatement of Judgments (1942) which provides that dismissal of a cause of action on limitations grounds in one state does not preclude a plaintiff from maintaining the same cause of action in another state which has a more favorable period of limitations.

We note that the facts in *Henson* are distinguishable from the facts presented by the instant case. In *Henson*, the plaintiff proceeded from Georgia federal district court to Georgia state court and back to the Georgia federal district court. In contrast, the plaintiff in the instant case attempted to move from a Louisiana federal district court to a Mississippi federal district court. Our opinion today should not be read as departing from the Restatement approach summarized above as applied to duplicative actions in state courts in different states. Rather, our holding today

merely stands for the proposition that a dismissal on statute of limitations grounds in federal court (Louisiana) is a final adjudication on the merits, particularly where, as is the case in the instant appeal, the federal district court (Louisiana) dismissed the plaintiff's complaint with prejudice.

In *Shoup v. Bell & Howell, Co.*, 872 F.2d 1178 (4th Cir.1989), the Fourth Circuit was confronted with an appeal which was procedurally an exact duplicate of the instant case. In *Shoup*, the plaintiff filed a products liability action in a Pennsylvania state court and the defendant successfully removed to a federal district court sitting in diversity in Pennsylvania. The Pennsylvania federal district court dismissed the complaint on limitations grounds. Thereafter, the plaintiff filed a duplicative action in a Maryland federal district court likewise sitting in diversity. The Maryland federal district court allowed the case to proceed. However, the Fourth Circuit reversed holding that the dismissal on limitations grounds by the Pennsylvania federal district court was a decision on the merits. Accordingly, the Fourth Circuit, noting that the controversy before it was one for which the doctrine of res judicata was designed, held that res judicata barred the subsequent action in Maryland federal court.[1] See *PRC Harris Inc., v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir.1983), *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir.1981), *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978), *Chanq v. Northwestern Memorial Hospital*, 549 F.Supp. 90, 95 (N.D.Ill.1982). See also Restatement (2d) of Judgments, section 87 (federal law determines the effects under the rules of res judicata of a judgment of a federal court).

Because we conclude that *Henson* is distinguishable from the case at bar, and because we are persuaded that *Shoup* is the better course to follow, we deny the petition for rehearing. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the suggestion for rehearing en banc is DENIED.

JOHN R. BROWN, Circuit Judge, dissenting.

My previous limited concurrence now turns into a dissent.

*Henson v. Columbus Bank*, 651 F.2d 320 (5th Cir.1981) announced the correct rule of law and one which we ought to have followed. Moreover, in the light of our Holy Rule that one panel does not overrule an earlier panel it is not only persuasive as *stare decisis*. It is binding as the law of the Medes and Persians which altereth not.

The effort to distinguish this binding precedent is not rationally based. It rests on the theory that in *Henson* the suit was first filed in the Georgia Federal Court, then later in a Georgia state court, whereas in the instant cases, both cases were filed in a federal court, the first in Louisiana, the second in Mississippi. This effort to alter substantive law by metaphysical wizardry ignores the accepted principle that in diversity matters a federal district court is just another court of the state in which it sits.

In *Henson* the Georgia state court decision that the case was barred by the statute of limitations was not res judicata in the Georgia federal district court. It was not res judicata, not because of the distinct creations of the two tribunals. Rather, it was because dismissal of a cause of action on limitation grounds in one state does not preclude a plaintiff from maintaining the same cause of action in another state which has a more favorable period of limitations.

---

1. To underscore the striking similarity between the Shoup case and the instant appeal, we quote the following language from *Shoup:*

   In this case we must determine if a dismissal by one federal court on statute of limitations grounds bars subsequent litigation of the same claim between the same parties in a second federal forum. The district court held it does not. We reverse and hold that pursuant to Fed.R.Civ.P. 41(b) the earlier statute of limitations ruling is a judgment on the merits subject to claim preclusion.

   *Shoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir.1989).

Restatement of Judgments, § 49 Comment (a) (1942).

If *Henson* is the law—and this panel in the accompanying order denying rehearing does not even begin to impugn it—our instant decision cannot stand. We either give way to *Henson* or en banc rehearing is inevitably demanded.