HARTFORD FIRE INSURANCE
COMPANY, a Connecticut
Corporation, Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania Corporation, Midwest Rubber Service & Supply Co., a Minnesota Corporation, Boston Industrial Products, Inc., a Virginia Corporation, Brand Midland Corporation, formerly known as Brand Distributors,

Inc., a **Minnesota Corporation, B.F. Goodrich Co., a New York Corporation, and John Does 1–100, Defendants.**

Civ. A. No. J89–0343(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 19, 1989.

Thomas L. Kirkland, Jr. and Edwin Y. Hannan, Satterfield and Allred, Jackson, Miss., for plaintiff.

Joe H. Daniel, Jackson, Miss., for Boston Indus.

Richard L. Forman and Ronald D. Collins, Jackson, Miss., for Westinghouse Elec.

Phil B. Abernethy, Jackson, Miss., for Midwest Rubber Service.

Kenna L. Mansfield, Jr., Jackson, Miss., for Brand Midland Corp.

William M. Bost, Jr. and David W. Ellis, Vicksburg, Miss., for B.F. Goodrich.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Westinghouse Electric Corporation, Boston Industrial Products, Brand Midland Corporation and B.F. Goodrich Company to dismiss, or in the alternative, to transfer this action to the United States District for the District of Minnesota. Plaintiff Hartford Fire Insurance Company (Hartford) has responded to the motion and the court has considered the memoranda with authorities submitted by the parties.

Resolution of the defendants' motion does not require extensive analysis of the underlying facts alleged by Hartford. Briefly stated, Hartford, in 1982, issued to Northern States Power Company (NSP) a policy of insurance against loss by all risks occurring at the Allen S. King Power Plant, an electric generating plant owned by NSP in Stillwater, Minnesota. In the 1960s, Westinghouse had designed, manufactured and installed a turbine generator at the plant and, after installation, had monitored the maintenance and operation of the generator. On December 2, 1983, the generator unit malfunctioned causing damage to the generator and a transformer at the plant.[1] Hartford paid the proof of loss

---

1. During the course of its supervision of certain repairs to the unit in 1983, Westinghouse discov-

submitted by NSP under the all risks policy for the damage resulting from the December 1983 incident and by NSP's assignment was subrogated to NSP's rights and claims against those persons or corporations liable for the damage to the generator and transformer.

In June 1987, Hartford filed identical product liability actions in both a Minnesota state court and the United States District Court for the District of Minnesota, charging that Westinghouse, Midwest, Boston Industrial, Brand Midland and B.F. Goodrich were liable for the damages sustained by NSP. In December 1987, Hartford filed an identical action in a Georgia state court. Then, on January 20, 1989, the present action was filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Within the time provided by statute, defendants removed the Mississippi state court action to this court pursuant to 28 U.S.C. § 1441.[2] Immediately upon removal, defendants filed the present motion to dismiss or in the alternative, to transfer this case to the Minnesota federal court.

RES JUDICATA

■ On February 6, 1989, the Minnesota state court, on a summary judgment motion by all defendants, dismissed Hartford's complaint in its entirety for lack of timely filing in accordance with Minn.Stat.

Ann. § 541.051. Before this court, defendants urge that the dismissal of the Minnesota state court action on timeliness grounds bars plaintiff from maintaining this action, involving the same parties and identical allegations, based on the doctrine of *res judicata.* It is the established rule in this circuit, however, that a state court's dismissal of a cause of action based on a statute of limitations does not preclude a plaintiff from maintaining his action in another forum if his claim is not barred by the statute of limitations in that other forum. *Henson v. Columbus Bank and Trust Co.,* 651 F.2d 320 (5th Cir. Unit B 1981). The continued viability of this rule was recently made clear by the Fifth Circuit in *Steve D. Thompson Trucking v. Dorsey Trailers,* 880 F.2d 818, *denying reh'g of* 870 F.2d 1044 (5th Cir.1989), which reiterated the principle as follows:

[T]he dismissal of a cause of action on limitations grounds in one state does not preclude a plaintiff from maintaining the same cause of action in another state which has a more favorable period of limitations.

*Id.* at 819.[3]

■ Defendants argue that the rule enunciated in *Henson* does not impact the applicability of the *res judicata* doctrine in this case since, unlike *Henson,* this case

ered that a synthetic rubber seal needed replacement. Westinghouse provided the necessary specifications for the replacement seal which indicated that the seal was to be fabricated from Neoprene, a synthetic rubber, and accordingly NSP ordered the appropriate quantity of Neoprene from Midwest Rubber. Midwest Rubber purchased the synthetic rubber from Brand; the manufacturer of the synthetic rubber sold by Brand was B.F. Goodrich. Midwest Rubber represented that the synthetic rubber it delivered to NSP was Neoprene when in fact the rubber delivered was Buna–S. The seal was milled according to the specifications provided by Westinghouse and was installed as required by the Westinghouse specifications. On December 2, 1983, some time after the generator was returned to service, the fan spacer, that part of the generator in which the seal was installed, ruptured suddenly causing damage to the generator and transformer.

**2.** Though suit was filed in the Hinds County Circuit Court in January 1989, defendants were

not served until May 1989 and on June 16 defendants filed their petition for removal.

**3.** Inexplicably, the rule is otherwise where the question concerns duplicative federal court actions in different states. In that situation, a dismissal with prejudice by one federal district court on limitations grounds bars a subsequent federal court action to enforce the same claim in that forum and all federal forums under the doctrine of *res judicata. Steve D. Thompson Trucking v. Dorsey Trailers,* 870 F.2d 1044, *reh'g denied,* 880 F.2d 818 (5th Cir.1989). In the court's view, there is a clear potential for incongruous results in the application of these principles, particularly in view of "the accepted principle that in diversity matters a federal district court is just another court of the state in which it sits." *Steve D. Thompson Trucking,* 880 F.2d at 820 (Brown, J., dissenting). The court need not now be overly concerned with this apparent conflict, for the Minnesota federal court action, a diversity case, has not yet been dismissed on Minnesota limitations grounds.

involves the preclusive effect to be accorded the prior dismissal of an identical action on the basis of the Minnesota statute of repose as well as on the basis of the applicable Minnesota statute of limitations, both of which are contained in Minn.Stat.Ann. § 541.051. Defendants' position derives from a fundamental distinction between a statute of repose and a statute of limitations; the former terminates the cause of action itself, not merely the remedy, and is substantive in nature, whereas the latter is typically procedural and restricts only the party's ability to pursue a remedy in a given judicial system. *Wayne v. Tennessee Valley Auth.*, 730 F.2d 392, 400–01 (5th Cir.1984); *Crouch v. General Elec. Co.*, 699 F.Supp. 585, 591 n. 5 (S.D.Miss.1984). No one here disputes that the substantive law of Minnesota applies to Hartford's claims against defendants and the court agrees with defendants' analysis of Minn. Stat.Ann. § 541.051, the statute pursuant to which the Minnesota state court action was dismissed, and in particular that it contains a ten-year statute of repose as well as a two-year statute of limitations.[4] However, a careful review of the Minnesota state court opinion of dismissal does not clarify the basis for dismissal, i.e., whether the cause was barred by the repose provision or the limitation provision or both.[5] Accordingly, an inability to determine the basis for the dismissal under these circumstance prevents application of *res judicata* as a basis for dismissal of this suit.

## VENUE

 Defendants have moved to dismiss under the doctrine of *forum non conveniens* or alternatively to transfer pursuant to 28 U.S.C. § 1404(a). Initially, the court would observe that had plaintiff filed suit in this federal forum rather than a Mississippi state court, this court would certainly have dismissed this action pursuant to 28 U.S.C. § 1406, which governs dismissal of actions brought in the wrong venue. Jurisdiction of this case is predicated upon diversity of citizenship; in diversity actions, venue is proper only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose. 28 U.S.C. § 1391. However, the general venue statutes, including section 1391, do not apply to cases that are removed to federal court from state court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66, 73 S.Ct. 900, 902–03, 97 L.Ed. 1331 (1953). Instead, venue of removed actions is controlled by the removal statute itself which specifically provides that the proper venue of a removed action is "the district of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). And, a defendant's voluntary application for removal confers venue over him. *See Seaboard Rice Milling Co. v. Chicago, R.I. & P. Ry. Co.*, 270 U.S. 363, 367, 46 S.Ct. 247, 248, 70 L.Ed. 633 (1926). It is therefore immaterial that this forum would obviously have been an improper venue had this action been brought here originally. Nevertheless, though their removal precludes a challenge to venue as improper, defendants may still attack this venue as inconvenient. 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3726 (1985).

## DISMISSAL

 Defendants seek dismissal of this action under the federal doctrine of *forum non conveniens* as expressed in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), which al-

---

**4.** The statute of repose provision states that "nor, in any event shall a cause of action accrue more than ten years after substantial completion of the construction of the improvement of real property;" the statute of limitations of § 541.051 provides that "no action … arising out of the defective and unsafe condition of an improvement to real property … shall be brought … more than two years after discovery thereof."

**5.** Although the court did determine that the generator was an "improvement to real property," and thus implicated the repose provision of § 541.051, the final statement by that court as to the basis for its dismissal refers to the limitations period of two years: "The damage … occurred in 1983 and plaintiff filed suit in 1987, four years after the alleged cause of action and two years past limitation deadline."

lows dismissal of an action where the forum chosen by a plaintiff is "so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." *Norwood v. Kirkpatrick*, 349 U.S. 29, 31, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955) (quoting *All States Freight v. Modarelli*, 196 F.2d 1010, 1011 (3rd Cir.1952)). Application of this common law doctrine "presupposes at least two forums in which the defendant is amenable to process [and] furnishes criteria for a choice between them." *Gilbert*, 330 U.S. at 506–07, 67 S.Ct. at 842. If another forum is much more convenient for the parties and the court, dismissal is permitted so that the case may be refiled in that forum. However, dismissal under that principle is not available in the case *sub judice*.

 Following the enactment in 1948 of Section 1404(a), the change-of-venue statute, "the doctrine of *forum non conveniens*, as set out in *Gilbert*, remains good law so long as the possible alternative forum is a state or foreign court." *Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 (5th Cir.1983). In *Cowan*, the Fifth Circuit explained the proper applicability of the doctrine in light of the enactment of section 1404(a):

> Section 1404(a) superseded the common law doctrine of *forum non conveniens* insofar as transfer to another federal district court is possible. As the Supreme Court pointed out in *Norwood v. Kirkpatrick*, "the harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789.

*Cowan*, 713 F.2d at 103 (additional citations omitted). Because in the case at bar there exists an alternative federal forum in which this case could have been brought (and indeed was brought) and to which this case may be transferred, application of the doctrine of *forum non conveniens* is inappropriate and hence dismissal is precluded. The only remedy potentially available to defendants is transfer to the Minnesota Federal District Court under section 1404(a).

## TRANSFER

Section 1404(a) provides as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

While *forum non conveniens* is not a viable doctrine in a case such as this, the factors enunciated in *Gilbert*, which provide the basis for the court's analysis of the relative fairness and convenience of two alternative forums, also apply in cases where transfer is sought under section 1404(a). In *Gilbert*, the court explained that

> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive.... The court will weigh relative advantages and obstacles to fair trial....
>
> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.... There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case.

*Gilbert*, 330 U.S. at 508–09, 67 S.Ct. at 843.

 Normally in determining the propriety of transfer, a plaintiff's choice of forum is entitled to primary consideration, *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). But where the plaintiff has filed two actions in Minnesota, and another in Georgia and finally elected to file suit in Mississippi, the court can hardly conclude

that Mississippi is plaintiff's chosen forum. And, in any event, it has been recognized that a plaintiff's choice of forum is entitled to little weight where he has sued in a district other than the district of his residence. *See Paul v. International Metals Corp.*, 613 F.Supp. 174, 179 (S.D.Miss. 1985).

■ In the case *sub judice*, it is clearly a fact that Mississippi has no relation whatsoever to this litigation, other than serving as the forum state. The power plant and in particular the generator that is the subject of this lawsuit is located in Minnesota. None of the proposed witnesses are said to be located in Mississippi and indeed, it is represented by defendants that the majority of witnesses are to be found in Minnesota as is the case with other sources of proof. Moreover, Minnesota law will govern the case. These factors alone preponderate strongly in favor of transfer. An additional reason to transfer this case in the court's view is the fact of pending litigation in the Minnesota federal district court; indeed, that lawsuit is identical to the one presently before this court. Under these circumstances, the waste of judicial resources and imposition upon the citizens of this state are manifest and strongly influence the court's decision that transfer is appropriate.

Accordingly, it is ordered that defendants' motion to dismiss is denied but their motion to transfer this case to the United States District Court for the District of Minnesota, Third Division is granted.

ORDERED.