**Teresa CARROLL, Plaintiff,**

v.

**VOLKSWAGEN OF AMERICA, INC. and Volkswagenwerk Aktiengesellschaft, now known as Volkswagen Aktiengesellschaft, Defendants.**

**Civ. A. No. J91–0084(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 12, 1991.

Crymes G. Pittman, Robert G. Germany, Cothren & Pittman, Jackson, Miss., for plaintiff.

Kenna L. Mansfield, Jr., Wells, Wells, Marb & Hurst, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Volkswagen of America, Inc. and Volkswagenwerk Aktiengesellschaft, now known as Volkswagen Aktiengesellschaft, to dismiss or, in the alternative, for summary judgment. Plaintiff Teresa Carroll has responded to the motion and the court has considered the memoranda of authorities submitted by the parties. The court concludes that defendants' motion is well taken and should be granted.

On January 22, 1985, plaintiff, while driving a 1968 Volkswagen Beetle automobile manufactured and distributed by defendants, was involved in an automobile accident in Palm Beach County, Florida. A few months later, on June 28, 1985, she filed suit against defendants in the Circuit Court of the Fifteenth Judicial Circuit of Florida, Case No. 85–4818CA(L)K, seeking recovery for injuries sustained in that accident based on theories of negligence, strict liability in tort and breach of express and implied warranties. On November 13, 1985, the Florida Circuit Court entered summary judgment for defendants, concluding that Fla.Stat.Ann. § 95.031(2) barred plaintiff's claims for relief. Section 95.031(2), the statute upon which the dismissal was based, provided that:

> *Actions for products liability* and fraud under s. 95.11(3) *must be begun* within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from the date prescribed elsewhere in s. 95.11(3), but *in any event within 12 years after the date of delivery of the completed product to its original purchaser* or within 12 years after the date of the commission of the alleged fraud, *regardless of the date of the defect in the product or the fraud was or should have been discovered.* (emphasis supplied).[1]

Because the 1968 Volkswagen Beetle at issue had been delivered to the original purchaser on or about July 12, 1968, and plaintiff's lawsuit was filed over 12 years later, on June 28, 1985, the statute was held to bar plaintiff's claim. The Florida District Court of Appeal affirmed the trial court's ruling, though expressing "considerable sympathy" for the plaintiff "who

ha[d] apparently been deprived of a cause of action even before such cause arose by reason of the operation of the 12–year statute of repose." *Carroll v. Volkswagen of America, Inc.,* 508 So.2d 556 (Fla.Dist.Ct. App.1987). On January 28, 1988, the Florida Supreme Court affirmed the entry of summary judgment for defendants. *Carroll v. Volkswagen of America, Inc.,* 519 So.2d 604 (Fla.1988).

Despite the dismissal of her Florida lawsuit, plaintiff, on January 17, 1991, filed the instant products liability action [2] advancing the same theories of recovery—negligence, strict liability and breach of express and implied warranties—against the same defendants arising out of the same automobile accident that was at issue in the Florida case. By their present motion, defendants ask that plaintiff's complaint be dismissed as barred by the doctrine of *res judicata.*[3]

■ For a prior judgment to bar a subsequent action on the basis of *res judicata,* the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, the same cause of action must be involved in both cases, and the prior judgment must have been a final judgment on the merits. *Nilsen v. City of Moss Point,* 701 F.2d 556, 559 (5th Cir.1983). Plaintiff concedes that the first three requirements are satisfied, but takes the position that the Florida state court judgment was not a final judgment on the merits. Plaintiff's position is without merit.

■ Plaintiff's argument is based on the procedural/substantive dichotomy which prevails in the area of conflicts: Mississippi applies its own procedural law which has traditionally included its statutes of limitations, but applies the substantive law of the state determined to have the most substan-

---

**1.** The Florida legislature amended section 95.031(2) in 1986 so as to repeal the statute of response in products liability actions. However, the amendment did not apply retroactively to preserve causes of action arising prior thereto. *Melendez v. Dreis & Krump Mfg. Co.,* 515 So.2d 735 (Fla.1987).

**2.** Plaintiff filed her complaint in the Circuit Court for the First Judicial District of Hinds

County, Mississippi. Defendants thereafter removed the action to this court based on diversity of citizenship.

**3.** Defendants also seek dismissal on the basis that this court lacks *in personam* jurisdiction over them. The court need not reach this basis for dismissal, however, as defendants are entitled to dismissal based on *res judicata.*

tial relationship to the litigation. *White v. Malone Properties, Inc.*, 494 So.2d 576, 578 (Miss.1986). Plaintiff contends that the dismissal of her Florida action as time barred was not a decision on the merits inasmuch as statutes of limitation are merely procedural. Plaintiff thus reasons that this court is bound to apply Mississippi's six-year statute of limitations, which the Mississippi Supreme Court has deemed procedural. However, the Florida statute which was applied to bar plaintiff's cause of action in the Florida state courts was not a statute of limitations, but rather was a statute of repose and was therefore substantive in nature.

This court has had occasion to address the distinction between statutes of repose and statutes of limitations. In *Crouch v. General Electric Co.*, 699 F.Supp. 585, 597 (S.D.Miss.1988), the court stated:

> Statutes of repose acquire a substantive character since they operate to extinguish not only the right to enforce a remedy but the substantive right itself. Statutes of limitation, while in the nature of statutes of repose, apply only to extinguish the right to enforce the remedy. [citation].

The Fifth Circuit, in *Wayne v. Tennessee Valley Authority*, 730 F.2d 392, [401–02] (5th Cir.1984), ... explained as follows:

> In recent years many states have enacted such statutes. They have been labeled "statutes of repose" in order to distinguish them from ordinary statutes of limitations which usually set much shorter time periods which run from the time the cause of action accrues, rather than from an arbitrary time such as the date of purchase. F. McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579, 584 (1981). Because the date of the injury is not a factor used in computing the running of the time period, and such statutes typically do not have tolling provisions, the statutes acquire a substantive nature, barring rights of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period.

The defendants in *Hartford Fire Insurance Co. v. Westinghouse Electric Corp.*, 725 F.Supp. 317, 319 (S.D.Miss.1989), argued that dismissal by this court was required based on principles of *res judicata* since a Minnesota state court had previously ruled that the plaintiff's cause of action was time barred under Minnesota law. This court noted that a state court's dismissal of a cause of action based on a statute of limitations does not preclude a plaintiff from maintaining an action in another forum if his claim is not barred by the statute of limitations of the other forum. However, the court explained that "a statute of repose ... terminates the cause of action itself, not merely the remedy, and is substantive in nature, whereas [a statute of limitations] is typically procedural and restricts only the party's ability to pursue a remedy in a given judicial system." *Hartford*, 725 F.Supp. at 320. Because the court was unable to determine whether the prior dismissal was based on a Minnesota two-year statute of limitations or ten-year statute of repose, it concluded that *res judicata* could not be applied as a basis for dismissal of the suit. *Id.*

In the case at bar, despite plaintiff's argument to the contrary, it is clear that the dismissal of plaintiff's claim in the Florida state court was based on application of Florida's *substantive* statute of repose. The Florida courts have explicitly held that the statute pursuant to which plaintiff's claim was dismissed is a statute of repose:

> § 95.031(2), Florida statutes, (1983), was a statute of repose which precluded actions based on products liability if they were brought more than twelve years after the product was sold. A statute of repose cuts off a right of action within a specified time after the delivery of a product or the completion of an improvement regardless of when the cause of action actually accrues. *Bauld v. J.A. Jones Construction Co.*, 357 So.2d 401 (Fla.1978).

*Melendez v. Dreis & Krump Mfg. Co.*, 515 So.2d 735 (Fla.1987). In *Eddings v. Volks-*

*wagenwerk, AG,* 835 F.2d 1369, 1371–72 (11th Cir.1988), the court observed that

> under the Florida statute of repose an injury caused by a product which has reached its original purchaser more than twelve years prior forms no basis for recovery because the statute prevents the accrual of a right of action. 'The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.' (citation omitted).

This was also recognized by the Florida Supreme Court's order affirming the dismissal of plaintiff's claim. *See Carroll v. Volkswagen,* 519 So.2d 604, 605 (Fla.1988) (citing *Melendez* ).

■ Plaintiffs urge that even though the Florida courts hold that section 95.031(2) was a statute of repose, this court should on its own find that the statute in question is one of limitations, rather than repose. In support of this position, plaintiff relies on the case of *Habenicht v. Sturm, Ruger & Co., Inc.,* 660 F.Supp. 52, 53 (D.Conn. 1986), wherein the Connecticut district court rejected North Carolina cases finding a North Carolina statute to be substantive, i.e., a statute of repose, and determined that the same statute was merely a procedural limitations period. This court has already had occasion to address—and reject—the very case upon which plaintiff's rely. In *Crouch,* the court observed that, "the court in *Habenicht* noted that Connecticut's conflict-of-laws rules do not require a Connecticut court to accept the interpretation of the statute given it by the North Carolina Courts.... Mississippi, unlike Connecticut, 'honors the construction of a statute placed on it by the courts of the state whose legislature enacted it.' " *Crouch,* 699 F.Supp. at 592, n. 6 (quoting *Siroonian v. Textron, Inc.,* 844 F.2d 289,

292 (5th Cir.1988)). Plaintiff's argument is, therefore, patently without merit.[4]

Based on the foregoing, it is ordered that defendant's motion is granted and that this cause be dismissed. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ORDERED.

---

**4.** The court would note that in the absence of deference for the holdings of the Florida courts on this issue, this court would find that the statute in question is one of repose. The statute is longer than typical statutes of limitation and begins to run from an "arbitrary time," *Wayne,* 730 F.2d at 401–02, without reference to the date of injury: "Actions for products liability ... must be begun ... in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date of the defect in the product ... was or should have been discovered...."