Brian DUNN, et al.

v.

BABCO TEXTRON, et al.

No. 1:95 CV 463.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 19, 1995.

See also, 1995 WL 723747.

Gilbert Irvine Low, Beaumont, TX, Kelli McDonald Sydow, Michael D. Sydow, Houston, TX, for Brian Dunn, Susan Dunn, Calvin Voth and Linda Voth.

Winstol D. Carter Jr., Richard T. Stillwell, Houston, TX, for Babco Textron Inc.

William Lee Maynard, Houston, TX, for Ron Edward Frank.

Robert Follmer Ruckman, Colin Paul Cahoon, Dallas, TX, Dewey J. Gonsoulin, Beaumont, TX, for Gen. Elec. Co., Geae Holdings Inc., and Geae Holdings II Inc.

George Steven McCall, G. Don Swaim, Irving, TX, for Parker–Hannifin Inc.

Stephen Smith Andrews, Houston, TX, for Goodyear Tire & Rubber Co.

John H. Martin, Rachelle Hoffman Glazer, Mindy Lynette McNew, Dallas, TX, for Sifco Industries, Inc.

## *MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

SCHELL, Chief Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge is **ADOPTED.** It is therefore

**ORDERED AND ADJUDGED** that defendant United Technologies Corporation's 12(b)(3) Motion to Dismiss is **DENIED.** It is further

**ORDERED AND ADJUDGED** that defendant Sikorsky Aircraft Corporation's 12(b) Motion to Dismiss is **DENIED.** It is further

**ORDERED AND ADJUDGED** that defendant Babco Textron Inc.'s 12(b) Motion to Dismiss is **DENIED.**

*REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE: DEFENDANT UNITED TECHNOLOGIES CORPORATION'S, DEFENDANT SIKORSKY AIRCRAFT CORPORATION'S, AND DEFENDANT BABCO TEXTRON'S MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(3) FOR IMPROPER VENUE*

HINES, United States Magistrate Judge.

Pending are separate motions of defendants United Technologies Corporation, Sikorsky Aircraft Corporation, and Babco Textron to dismiss pursuant to FED.R.CIV.P. 12(b)(3) for improper venue. These motions are referred to the undersigned United States magistrate judge for report and recommendation by United States District Judge Richard A. Schell pursuant to General Order 91–16 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges.

## I. Background

This personal injury lawsuit arises out of a helicopter crash which occurred in British Columbia, Canada. Plaintiffs allege they are residents of the states of Washington and Massachusetts. Defendants are corporations incorporated in Massachusetts, Delaware, New York, and Ohio. The defendants have their principal places of business in Massachusetts, Delaware, Connecticut, and Ohio.

Although none of the operative facts occurred in Texas, the case was originally filed in a Texas state court, the 58th Judicial District Court of Jefferson County.[1] Defen-

dants jointly removed the action to this court on July 28, 1995, citing diversity of the parties as the basis for this court's original jurisdiction. Plaintiffs countered by filing a motion to remand, which is pending before the court. Plaintiff Brian Dunn claims to be a domiciliary of Massachusetts, the state in which defendant Babco Textron is domiciled.

## II. Motions to Dismiss Due to Improper Venue

Following removal, the three defendants named above moved to dismiss under FED. R.CIV.P. 12(b)(3) asserting improper venue. Defendants cite the general venue statute, 28 U.S.C. § 1391(a),[2] and contend that none of the circumstances making venue proper in this district is present in this case. Plaintiffs counter that defendants have waived a venue challenge by voluntarily removing the case.

## III. Analysis

Defendants' reliance on § 1391(a) is misplaced, as it does not govern venue in diversity cases removed from state court. *See, e.g.,* 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3726 (1985). Rather, venue in a case removed from state court is prescribed by the removal statute itself, 28 U.S.C. § 1441. *See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665–66, 73 S.Ct. 900, 902–03, 97 L.Ed. 1331 (1953); *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.,* 725 F.Supp. 317, 320 (S.D.Miss.1989); *Dufresne v. Destin Towers Condominium Ass'n,* No. 91–2395, 1992 WL 125340, at *2 (E.D.La. May 26, 1992); *Paul v. International Precious Metals Corp.,* 613 F.Supp. 174, 177 (S.D.Miss.1985). According to § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

---

**1.** One of the defendants, Stratoflex, Inc. was alleged to be a Texas corporation in the original petition filed in state court. According to defendants, Stratoflex, Inc. merged into Parker Hannifin Corporation, an Ohio corporation, in December 1988, before the events giving rise to this lawsuit. Defendants' Joint Notice of Removal at 2–3.

**2.** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant re-

sides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Under the present status of the case,[3] and for the time being at least,[4] venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division.

### III.  Recommendation

Defendants' motions to dismiss for improper venue should be denied.

### IV.  Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1988); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988).

---

3.  No defendant has filed a motion to transfer venue based on *forum non conveniens.*

4.  A motion to remand (filed by plaintiffs) and motions to dismiss for lack of personal jurisdiction (filed by defendants Sikorsky Aircraft Corporation and Babco Textron) are pending.