We also conclude that the BIA's decision not to reopen the case in order to rescind the in absentia deportation order based on Rodriguez–Bonilla's failure to appear due to a lack of transportation and his pending motion to change venue was not an abuse of discretion, because neither of these constituted exceptional circumstances. *Id.; see also Matter of Patel,* 19 I. & N. Dec. 260, 262 (BIA 1985), *aff'd,* 803 F.2d 804 (5th Cir.1986). Nor does ineffective assistance of counsel constitute an exceptional circumstance, given that Rodriguez–Bonilla was correctly told by his counsel that he was required to appear at the hearing. Even if Rodriguez–Bonilla had received erroneous advice by counsel or counsel was ineffective for some other reason, he failed to comply with the requirements for presenting such a claim to the BIA. *See Matter of Lozada,* 19 I & N Dec. 637, 639 (BIA 1988).

Rodriguez–Bonilla also argues that the IJ's failure to reopen the case violated his due process right to a full and fair hearing under the Fifth Amendment and that the BIA compounded the error by not addressing his due process argument. However, whether to grant a motion to reopen removal proceedings is purely discretionary, and "the denial of discretionary relief does not rise to the level of a constitutional violation even if the moving party had been eligible for it." *Altamirano–Lopez v. Gonzales,* 435 F.3d 547, 550 (5th Cir.2006) (internal quotation marks, citation, and brackets omitted). Rodriguez–Bonilla cites nothing to support his argument that the case should be remanded so that the IJ could ask the Department of Homeland Security to exercise its prosecutorial discretion. Finally, Rodriguez–Bonilla has abandoned his claim that the IJ erred by failing to grant his motion to change venue and that the BIA compounded the error by failing to address it. *See Chambers v.*

*Mukasey,* 520 F.3d 445, 448 n. 1 (5th Cir. 2008); *Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003).

PETITION DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.

**Effort ALEXANDER, Plaintiff–Appellant**

v.

**DESOTO COUNTY SOIL AND WATER CONSERVATION DISTRICT, Defendant–Appellee.**

**No. 15–60314**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 18, 2015.

Effort Alexander, Memphis, TN, pro se.

Lee Davis Thames, Jr., Esq., Special Assistant Attorney General, Office of the Attorney General, Jackson, MS, for Defendant–Appellee.

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM: *

AFFIRMED. See Rule 47.6.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Aurelio ZARATE–LOPEZ,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Aurelio Zarate, Defendant–Appellant.**

Nos. 14–41329, 14–41330
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Following his arrest for unlawful restraint, the district court revoked Aurelio Zarate–Lopez's (Zarate's) two terms of supervised release, both of which were imposed following his conviction for unlawful transportation of undocumented aliens. The district court sentenced Zarate to a term of imprisonment of 24 months with no term of supervised release to follow in the first case and to a term of imprisonment of six months to be followed by a term of supervised release of 30 months in the second case. The district court ordered the sentences to be served consecutively. Zarate challenges the sentences imposed on the grounds that the district court reversibly erred in finding that he committed the Texas offense of attempted kidnapping, which resulted in a procedurally unreasonable non-guidelines sentence and violated his right to due process, and plainly erred in basing his sentence upon the need for just punishment and his need for rehabilitative mental health treatment.

If a district court finds by a preponderance of the evidence that the defendant has violated a condition of supervised release, the court "may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence." *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir.2008); *see* 18 U.S.C. § 3583(e)(3). In doing so, the district court is directed to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.