# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 17-60569
Summary Calendar

March 9, 2018

Lyle W. Cayce
Clerk

EFFORT ALEXANDER,

> Plaintiff - Appellant

v.

JIM HOOD, Attorney General, State of Mississippi; DESOTO COUNTY
SOIL AND WATER CONSERVATION DISTRICT,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CV-202

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Effort Alexander appeals the district court's dismissal of his civil rights case on grounds of *res judicata*. We affirm, because the test for *res judicata* is met. Alexander previously filed two lawsuits against parties who are identical to or in privity with the parties in this case on the "same nucleus of operative facts." *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005).   The district courts dismissed each case in final judgments on the merits.[1]  *See id.*  Although the attorney general was not a named defendant in the prior cases, in *Alexander I*, he represented the original defendant, and in *Alexander II*, the state of Mississippi was a defendant.  Thus, the parties are identical or in privity.  *See Russell v. Sunamerica Secur. Inc.*, 962 F.2d 1169, 1173–74 (5th Cir. 1992).  Further, Alexander's claim that the attorney general violated his civil rights in asserting that Alexander was responsible for a disputed dam concerns the same "nucleus of operative facts" as the prior cases, as the district court concluded.  *See Singh*, 428 F.3d at 571.  Finally, the claim could and should have been previously raised, as the attorney general's office asserted to Alexander that he was responsible for the dam in 1996 and in defending *Alexander I.  See In re Paige*, 610 F.3d 865, 873–74 (5th Cir. 2010).

   AFFIRMED.

---

[1] The district court dismissed *Alexander I* as time barred.  *Alexander v. Desoto Cty. Soil & Water Conservation Dist.*, No. 3:14-CV-147-MPM-SAA (N.D. Miss. March 25, 2015), *aff'd*, 616 F. App'x 156 (5th Cir. 2015) (mem.) (per curiam).  In *Alexander II*, the court dismissed as to the State of Mississippi for failure to state a claim under 42 U.S.C. § 1983. *Alexander v. DeSoto Cty. Soil & Water Conservation Dist.*, No. 3:15-CV-179-DMB-JMV, 2016 U.S. Dist. LEXIS 114740 (N.D. Miss. Aug. 26, 2016).  Both dismissals were thus "on the merits" for *res judicata* purposes.  *See* Fed. R. Civ. P. 41(b); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819–20 (5th Cir. 1989); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985).