Kevin **MYERS**

v.

**UNITED STATES of America.**

**Civ. No. 91–373–SD.**

United States District Court, D. New Hampshire.

Oct. 30, 1992.

---

Edward T. Clancy, Dover, N.H., for plaintiff.

Elaine Marzetta Lacy, Asst. U.S. Atty., Concord, N.H., for defendant.

## ORDER

DEVINE, Senior District Judge.

In this action arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.,* defendant United States of America objects to and moves for reconsideration of the magistrate judge's order of August 3, 1992. Therein, the magistrate judge granted plaintiff's motion to more

1. 28 U.S.C. § 636(b)(1) provides that a district judge must make a "de novo determination." This does not require the district court to hold a de novo hearing; rather, consideration of the

than triple his *ad damnum* beyond the amount requested in his administrative claim. Pursuant to 28 U.S.C. § 636(b)(1), this court makes a "de novo determination." 1

1. *Background*

The court assumes the parties' familiarity with the record, and thus recites only those facts necessary for resolution of the issue at hand.

On August 21, 1989, plaintiff suffered fractures of his left patella and left tibia when the motor vehicle he was operating was involved in a collision with a vehicle driven by a United States Postal Service employee.

On August 23, 1989, plaintiff initially visited Dr. John Bloom, an orthopedic surgeon. Dr. Bloom's October 6, 1989, assessment includes the following: "? anterior cruciate ligament injury."

On December 5, 1989, after ongoing consultation with Dr. Bloom, plaintiff underwent arthroscopic surgery. The surgery confirmed that plaintiff suffered from the two above-mentioned fractures and from a partial tear of the anterior cruciate ligament (ACL) in his left knee.

By February of 1990, Dr. Bloom authorized plaintiff to resume work.

On March 28, 1990, Dr. Bloom noted that although plaintiff had a good range of motion in his left knee, he did have mild medial laxity.

On February 1, 1991, plaintiff filed his administrative claim alleging $23,000 in damages for injuries suffered, $7,000 in damages for lost wages, and $500 in property damage.

As the Postal Service failed to act upon plaintiff's claim within the statutorily allowed six months, plaintiff on August 28, 1991, filed suit in this court under the FTCA.

record as developed before the magistrate judge satisfies the de novo determination. *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–13, 65 L.Ed.2d 424 (1980).

Due to the significant limitation of mobility in plaintiff's left knee, on April 1, 1992, Dr. Bloom advised plaintiff that he was a candidate for further reconstructive surgery to the left ACL before he did "further damage to this left knee."

In his April 16, 1992, letter to plaintiff's counsel, Dr. Bloom explained that plaintiff's "current diagnosis is anterior cruciate ligament instability of the left knee following proximal tibial fracture and patellar fracture and tear of the anterior cruciate ligament."

Defendant objects to the magistrate judge's order which allowed the increase in plaintiff's *ad damnum* claim, arguing that it was unsupported by the record and contrary to controlling First Circuit case law. Plaintiff, not surprisingly, claims that the magistrate judge's order was well grounded in fact and law, and contends that defendant's objection thereto is untimely.

### 2. Discussion

■ As an initial matter, the court finds no merit in plaintiff's argument that the defendant's objection to the magistrate judge's order was untimely. Rule 72(a), Fed.R.Civ.P., provides that a district judge "shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order." Albeit with no time to spare, defendant filed its objection on the tenth day. Rule 72(a), Fed.R.Civ.P. *See also,* Rule 6(a), Fed.R.Civ.P. (providing relevant method of computation). Thus, defendant's objections are properly before the court.

■ Upon due consideration of the record before it, the court finds that the magistrate judge properly determined the relevant issue to be the question of who should bear the burden for plaintiff's inadequately estimated administrative claim for damages. While the magistrate judge properly looked to controlling First Circuit law, for the following reasons, the court respectfully holds that the magistrate judge wrongly construed the facts of this case under that law.

As provided in the FTCA, an action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

In the controlling First Circuit opinion, *Reilly v. United States,* 863 F.2d 149 (1st Cir.1988), the court, strictly construing 28 U.S.C. § 2675(b), refused to allow the plaintiffs to disregard the limit of damages claimed in the administrative filing. The *Reilly* court made clear that "intelligence which serves only to bear out earlier suspicions cannot unlock the FTCA's narrow escape hatch. Diagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither 'newly discovered evidence' nor 'intervening facts' for the purposes of § 2675(b)." *Id.* at 171 (citing *Kielwien v. United States,* 540 F.2d 676, 680–81 (4th Cir.), *cert. denied,* 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); *Powers v. United States,* 589 F.Supp. 1084, 1110 (D.Conn.1984)).

Similarly, in *Wardwell v. United States,* 764 F.Supp. 679 (D.Me.1991), a sister court in this circuit limited the amount of recovery in an FTCA action to the amount claimed administratively. In that case, one of the plaintiffs also suffered knee and leg injuries as the result of the automobile accident at issue. After undergoing a patellectomy,[2] surgical removal of associated pieces of her fractured femur bone, hospitalization, physical therapy, medication, and other related treatment, Wardwell attempted to increase the amount of damages sought beyond the amount she claimed administratively on the premise that her orthopedic surgeon failed to assess her permanent impairment until after her administrative claim was filed. *Id.* at 684. However, consistent with the First Circuit's construction of 28 U.S.C. § 2675(b), the Maine court strictly construed the statute and found that "no increase in the adminis-

---

**2.** Surgical removal of the kneecap. *Id.* at 684.

trative claims cap on ... damages [was] warranted." *Id.* The court found her circumstance to be "an excellent example of evidence which was reasonably discoverable...." *Id.* at 684.

In the instant case, Myers has failed to satisfy either of the two statutory exceptions to the rule that an action cannot be instituted for any sum in excess of the amount presented to the federal agency; i.e., there were no intervening facts or newly discovered evidence unforeseeable at the time plaintiff brought his claim. *See* 28 U.S.C. § 2675(b). Although plaintiff argued that he could not reasonably have foreseen the ultimate extent of his injuries occasioned by the accident, the record fails to support such a claim. In fact, Dr. Bloom's notations do nothing to rule out the possibility of further necessary surgery. For instance, after ongoing consultation with Dr. Bloom, plaintiff underwent arthroscopic surgery on December 5, 1989. The surgery confirmed that plaintiff suffered both the two fractures and a partial tear of the ACL in plaintiff's left knee. Furthermore, as early as March 28, 1990, Dr. Bloom's notes indicated the question of mild medial laxity in the left knee. Thus, by February 1, 1991, when plaintiff filed his administrative claim, the ACL damage and laxity were well documented.

The First Circuit has been unwilling "to eviscerate the statute and reduce the insertion of a monetary limit to an empty formality." *Reilly, supra,* 863 F.2d at 173. Further, it does not view "such a construction of the law as unduly harsh" because the "goal of the administrative claim requirement is to let the government know what it is likely up against: ... 'its *maximum possible exposure* to liability....'" *Id.* (quoting *Martinez v. United States,* 780 F.2d 525, 530 (5th Cir.1986)) (emphasis added). As the magistrate judge clearly recognized, "[a]s between [the] prospective defendant and prospective plaintiff, the latter is in by far the better position to determine the worst-case scenario or, *if uncertain,* to paint the picture as bleakly as reason permits and conscience allows." *Id.* (emphasis added). Furthermore, "[i]f a plaintiff misjudges, as to matters known or easily de-

ducible when [his] claim is filed, it seems more equitable for [him] to bear the burden of miscalculation than to impose it on the sovereign." *Id.*

Herein, the magistrate judge characterized the recommended second surgery at issue, to correct ACL damage, as being "unrelated" to the earlier surgery, which involved the same knee and revealed the ACL tear. The magistrate judge rejected the view that plaintiff's second surgery was cumulative and confirmatory of earlier diagnoses. Respectfully, the court must disagree. In the face of well-documented ACL damage, one surgery, and subsequent ongoing knee problems, and while mindful of the consequences to plaintiff, the court is unable to say that Myers' need for additional surgery was unforeseeable. Thus, defendant herein cannot be made to bear the burden of plaintiff's failure to depict the worst-case scenario.

### 3. Conclusion

Accordingly, the August 3, 1992, order of the magistrate judge must be and herewith is reversed, but only to the extent that it addresses plaintiff's motion to amend damages. Therefore, plaintiff is enjoined from increasing his *ad damnum* beyond the amount requested in his administrative filing.

SO ORDERED.