Gloria **BLINZLER**, Individually and in Her Capacity as Wrongful Death Beneficiary of James A. Blinzler, Plaintiff,

v.

**MARRIOTT INTERNATIONAL, INC.**, Defendant.

Civ. A. No. 93–0673L.

United States District Court, D. Rhode Island.

July 6, 1994.

Stephen B. Lang, Higgins, Cavanagh & Cooney, Providence, RI, for plaintiff.

John P. Barylick, Wistow & Barylick Inc., Providence, RI, for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is before the Court on defendant's objection to Magistrate Judge Lovegreen's denial of defendant's motion to transfer this case to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, the magistrate judge's order is affirmed.

## BACKGROUND

Plaintiff and her late husband, James A. Blinzler, were guests at the Marriott Hotel in Somerset, New Jersey on November 13, 1992

for the purpose of attending a business meeting. This hotel was operated by defendant which also operates a worldwide chain of hotels including at least one hotel in Rhode Island. Both Mr. and Mrs. Blinzler were long-time Rhode Island residents.

Mr. Blinzler, age 64, suffered a heart attack while in his room at defendant's hotel. Mrs. Blinzler telephoned the hotel operator and instructed her to summon immediate medical assistance. The hotel assistant manager and a security guard went to the Blinzler's room and spoke with Mr. Blinzler. Shortly thereafter, Mr. Blinzler collapsed. Oxygen was brought to the room, and CPR was attempted. The sequence, timing and appropriateness of the hotel personnel's activities in assisting Mr. Blinzler and obtaining necessary medical assistance is disputed and questioned.

Local police and rescue personnel arrived and administered medical care to Mr. Blinzler, then transported him to the hospital. Three days later Mr. Blinzler died of anoxia to the brain (lack of oxygen), which plaintiff claims resulted from the delay in arrival and commencement of medical care. Plaintiff also contends that defendant's personnel did not properly administer CPR.

Mr. Blinzler was a patient of two cardiologists in Rhode Island, and plaintiff has indicated that both will be witnesses at the trial. In addition to her own testimony, plaintiff intends to call her daughter, a Rhode Island resident, regarding comments made by defendant's employees concerning the events surrounding Mr. Blinzler's death. Plaintiff will also call two experts from Rhode Island, one in economics and one in emergency medical treatment and cardiology. Mr. Blinzler's past medical records, located in Rhode Island, will be offered into evidence.

Defendant states that it will present several witnesses from New Jersey, including the assistant manager, security officer and operator at the Somerset hotel, police officers, rescue squad personnel and health care professionals at the hospital who cared for plaintiff's decedent. Additionally, records located in New Jersey will be offered into evidence by the parties, including police records, medical records of the hospital and rescue squad, phone logs of the rescue squad, death certificate and telephone records.

Defendant filed a motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). The matter was referred to Magistrate Judge Lovegreen for consideration under 28 U.S.C. § 636 and Rule 72(a) of the Federal Rules of Civil Procedure. On April 1, 1994, the magistrate judge issued a Memorandum and Order denying the motion to transfer. Defendant filed an appeal of that order, which this Court takes as an objection under Federal Rule 72(a). After a hearing on May 16, 1994, this Court took the matter under advisement. It is now in order for decision.

## DISCUSSION

1. *Standard of Review of Magistrate Judge's Order*

■ A motion for § 1404(a) transfer is a nondispositive issue. *Searcy v. Knostman,* 155 B.R. 699, 702 (S.D.Miss.1993); *Hitachi Cable America, Inc. v. Wines,* 1986 WL 2135, at *2 (D.N.J. Feb. 14, 1986). A district judge may reconsider any pretrial matter designated for hearing by a magistrate judge where it has been shown that the order issued is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (1988). Rule 72(a) of the Federal Rules of Civil Procedure implements the statute, stating that the district judge to whom the case is assigned shall consider any objections to a magistrate's order on a pretrial, nondispositive matter, and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. *See also* Local Rule 32(b) (D.R.I.); *Quaker State Oil Refining Corp. v. Garrity Oil Co.,* 884 F.2d 1510, 1517 (1st Cir.1989). Neither the language of section 636(b)(1)(A) nor its legislative history allocates to the district court the authority to do more than perform a clearly erroneous review of a magistrate judge's order on a nondispositive, pretrial matter. *Haines v. Liggett Group Inc.,* 975 F.2d 81, 91 (3d Cir. 1992). *See* H.R.Rep. No. 94–1609, 94th Cong., 2d Sess. 8–9 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6162, 6168–70.

A finding is clearly erroneous when it is against the clear weight of the evidence, or when the court has "a definite and firm conviction that a mistake has been committed." *Holmes v. Bateson*, 583 F.2d 542, 552 (1st Cir.1978) (quoting *Evans v. United States*, 319 F.2d 751, 753 (1st Cir.1963)). Where there are two possible interpretations of the evidence, a court's choice of one of them cannot be clearly erroneous. *United States v. Cruz Jimenez*, 894 F.2d 1, 7 (1st Cir.1990).

### 2. *28 U.S.C. § 1404(a) Transfer*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1988). "Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

#### a. Burden on Movant

■ "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991). Transfer may be appropriate if the movant can establish that the balance of convenience weighs in its favor. *Paradis v. Dooley*, 774 F.Supp. 79, 82 (D.R.I.1991). The movant must make a strong showing that transfer of venue is appropriate under the circumstances. *Levinger v. Matthew Stuart & Co., Inc.*, 676 F.Supp. 437, 441 (D.R.I. 1988). "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

#### b. Plaintiff's Choice of Forum

■ "It is well established that in considering a motion to transfer under 28 U.S.C. § 1404(a), the plaintiff's choice of forum is entitled to great weight. In order to overturn the plaintiff's choice of forum, the party seeking a transfer bears a heavy burden of showing a strong balance of inconvenience." *Residex Corp. v. Farrow*, 374 F.Supp. 715, 717 (E.D.Pa.1974) (citations omitted), *aff'd*, 556 F.2d 567 (3d Cir.1977); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Unless the balance of convenience of the parties is strongly in favor of the movant, the plaintiff's choice of forum should prevail. *Shutte*, 431 F.2d at 25; *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972).

#### c. Balance of Inconvenience

■ A showing of inconvenience to the defendant is not sufficient for the granting of § 1404(a) relief, where the transfer would merely shift the inconvenience to the other party. *Shutte*, 431 F.2d at 25; *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir.1992). "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645–46, 84 S.Ct. at 824 (1964).

■ Any determinations of § 1404(a) transfer must rely on many of the same factors used to determine issues of forum non conveniens. *Ryan, Klimek, Ryan Partnership v. Royal Ins. Co. of Am.*, 695 F.Supp. 644, 646 (D.R.I.1988). The public interest and private interest factors applied to a forum non conveniens question in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), and confirmed in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), must be applied to a motion for § 1404(a) transfer. *Paradis*, 774 F.Supp. at 82.

### 3. *Application of Factors*

■ The magistrate judge correctly determined that this action could have been

**4**

brought in New Jersey. In balancing the convenience for each of the parties, the magistrate applied the required factors and concluded:

"Applying all the factors set forth in *Gulf Oil Corp. v. Gilbert,* I see no requirement to transfer venue to the District of New Jersey. There will be, of necessity, some inconvenience to the witnesses and parties no matter where the trial is held.... [I]t is the convenience of all parties and witnesses that must be considered."

Memorandum and Order, p. 6–7.

It is a reasonable interpretation of the facts of this case to find that the inconvenience to defendant of this action remaining in Rhode Island is not sufficient to outweigh the plaintiff's choice of forum. For that reason, this Court does not find the magistrate judge's order to be against the clear weight of the evidence or clearly mistaken.

### 4. *Conclusion*

The Court concludes that the magistrate judge's denial of the motion to transfer is not clearly erroneous or contrary to law. Consequently, the Court affirms that order.

It is so ordered.