**Oussama ELBALAH**

v.

**REPUBLIC INSURANCE COMPANY.**

**Civ. A. No. 94–500–T.**

United States District Court,
D. Rhode Island.

March 16, 1995.

Barry J. Kusinitz, Corrente, Brill & Kusinitz, Providence, RI, for plaintiff.

Bennett R. Gallo, Gunning, LaFazia & Gnys, Providence, RI, for defendant.

## MEMORANDUM AND ORDER

TORRES, District Judge.

This is a suit brought pursuant to a tenant's insurance policy to recover the value of personal property allegedly stolen from Oussama Elbalah's residence. It is presently before the Court for consideration of the defendant's motion to transfer the case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

### Background

Elbalah is a Rhode Island resident, but, at all times material to this case, lived in New York City. The complaint alleges that in September 1993 Elbalah's apartment in New York was burglarized and various items of personal property belonging to Elbalah were stolen. Elbalah submitted a claim for the value of those items pursuant to a tenant's policy issued to him by Republic Insurance Company (Republic). Republic refused to pay the claim, asserting that many of the receipts and appraisals submitted by Elbalah were forged or fabricated.

After moving to Rhode Island, Elbalah initiated this action. Republic has moved to transfer the case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

### Discussion

Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Whether a case should be transferred pursuant to § 1404(a) is a matter within the court's discretion and requires "an 'individualized, case-by-case consideration of convenience and fairness.'" *Blinzler v. Marriott International, Inc.*, 857 F.Supp. 1, 3 (D.R.I.1994) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988)).

■ Generally, a plaintiff's choice of forum is entitled to great weight and should be disturbed only in exceptional circumstances. *Blinzler*, 857 F.Supp. at 3. However, the weight accorded to that choice is diminished when the forum selected is not one where the events underlying the suit occurred. *S.W. Industries, Inc. v. Aetna Casualty & Surety Co.*, 653 F.Supp. 631, 637 (D.R.I.1987); *U.S. Fidelity and Guaranty v. Republic Drug*, 800 F.Supp. 1076, 1082 (E.D.N.Y.1992).

■ A party seeking transfer pursuant to § 1404(a) bears the burden of establishing:

1. The availability of an alternative forum in which the plaintiff may litigate its claim; and,

2. That the alternative forum is more convenient for the parties and the witnesses;[1] and,

3. That transfer will serve the interests of justice. *Boothroyd Dewhurst, Inc. v. Board of Trustees of Leland Stanford Junior University*, 1993 WL 385713, *6 (D.R.I.1993); *U.S. Fidelity and Guar. v. Republic Drug*, 800 F.Supp. 1076, 1079 (E.D.N.Y.1992); *McDevitt & Street Co. v. Fidelity & Deposit Co.*, 737 F.Supp. 351, 353 (W.D.N.C.1990); *Levinger v. Matthew Stuart & Co., Inc.* 676 F.Supp. 437 (D.R.I.1988).

---

1. "The convenience of the witnesses is one of the most important factors in passing on a motion to transfer under § 1404(a). It involves consideration of something more than the number of witnesses located in the respective forums. It requires an assessment of the nature and quality of their testimony in relationship to the issue in the case." *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 928 (W.D.Mo.1985) (citations omitted). Parties must state with particularity, by way of proof or affidavit, what witnesses are to be called and what the nature of their testimony and the extent of their inconvenience will be. *See Blinzler*, 857 F.Supp. at 3; *Salperto v. Pohlad*, 1994 U.S.Dist. Lexis 161, *7 (D.Del.1994); *Essex Crane Rental v. Vic Kirsch Construction*, 486 F.Supp. 529, 535 (S.D.N.Y.1980).

In determining whether another forum is more convenient the Court should consider a number of factors affecting both private and public interests. The private factors include (1) the availability of compulsory process to compel attendance of unwilling witnesses; (2) the cost of attendance of willing witnesses; (3) the relative ease of access to sources of proof; (4) the ease of a view of premises, if such a view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The public factors include: (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflict of law, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion. *Id.*

In this case, the public factors weigh slightly in favor of transfer. New York law will govern; New York has an interest in resolving New York controversies in New York and there is no reason to burden citizens of Rhode Island with jury duty in a New York case.

More significantly, the private factors weigh heavily in favor of transfer. All of the relevant events occurred in New York. The policy in question was procured in New York; the alleged loss occurred in New York; the property allegedly stolen was purchased in New York; most of the receipts submitted by Elbalah in support of his claim purportedly were issued by New York merchants; and Elbalah's claim was filed and denied in New York. Consequently, it is not surprising that virtually all of the witnesses identified by Republic are located in New York. Moreover, many of them are not under the control of Republic and would not be subject to the subpoena power of this Court. The only witness who resides in Rhode Island is Elbalah and, as already noted, he was a resident of New York when the events in question transpired.

*Conclusion*

For all of the foregoing reasons, the defendant's motion to transfer is granted and this case is hereby transferred to the Eastern District of New York.

IT IS SO ORDERED.