Hayden v. Graystone                    CV-93-112-JD   08/30/95
                  UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Jessica L. Hayden, et al.

        v.                                  Civil No. 93-112-JD

Richard A. Grayson, et al.


                              O R D E R


        Currently before the court are the defendants' Rule 72

objections to the July 7, 1995, order of the magistrate judge.

For the reasons set forth below, the order is modified.


                             Background

        The plaintiffs filed their complaint on March 9, 1993,

alleging that defendants Richard Grayson and the town of Lisbon

("town") had violated their Fourteenth Amendment rights to due

process and equal protection of the laws when they failed to

prosecute Hervey Gagnon, father of the plaintiffs, for past acts

of sexual abuse.  On August 19, 1993, the court dismissed with

prejudice the plaintiff's due process claim against Grayson and

dismissed all claims against the town, leaving the equal

protection claim against Grayson as the sole remaining count.  At

that time, the defendants did not move for reconsideration or

attempt to amend their complaint.

On March 22, 1994, the parties participated in a pretrial conference conducted by Magistrate Judge William H. Barry, Jr. The plaintiffs requested additional time to amend their complaint on grounds that they had discovered new evidence and that their counsel's office had been severely damaged in a fire. On March 24, 1994, the magistrate judge issued a scheduling order allowing the plaintiffs until October 1, 1994, to file a motion to amend.

On September 30, 1994, the plaintiffs filed their motion to amend. By order dated October 6, 1994, the court refused to docket the motion for failure to comply with Local Rule 11. The motion was resubmitted without objection and granted on November 7, 1994.

On December 23, 1994, plaintiffs' counsel withdrew and new counsel filed an appearance. On January 12, 1995, a second pretrial conference occurred. The plaintiffs' counsel announced their intention to filed a second amended complaint in order to assert state law claims against Grayson and the town and to reassert the equal protection claim against the town. Despite protestations from defense counsel, the magistrate judge issued a pre-trial order directing the plaintiffs to file their motion to amend by January 17, 1995.

The plaintiffs filed their second motion to amend on January 18, 1995. In the proposed amended complaint, the plaintiffs

2

asserted denial of equal protection claims under the United States and the New Hampshire Constitutions against Grayson and the town. They also asserted various state law claims against both Grayson and the town. On July, 7, 1995, the magistrate judge issued an order granting the plaintiff's motion to amend.

## Discussion

The defendants assert that the magistrate judge failed to apply the law of the case doctrine to bar the plaintiffs from reasserting claims against the town. The defendants argue that, as a result, the plaintiffs wrongfully have been allowed to reinstate suit against a party almost two years after dismissal of all claims against it. In addition, the defendants also argue that the magistrate judge misapplied Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure. The plaintiffs respond that the law of the case doctrine does not apply under the circumstances of this action.

Rule 72(a) of the Federal Rules of Civil Procedure provides that

> [a] magistrate judge to whom a pretrial matter not
> dispositive of a claim or defense of a party is
> referred shall . . . enter into the record a written
> order setting forth the disposition of the matter
> . . . . The district judge to whom the case is
> assigned shall consider [timely] objections and shall
> modify or set aside that portion of the magistrate

3

        judge's order found to be <u>clearly erroneous or contrary</u>
        <u>to law</u>.

Fed. R. Civ. P. 72(a) (emphasis supplied); <u>see</u> 28 U.S.C.A. §
636(b)(1)(West 1993); <u>Quaker State Oil Ref. v. Garrity Oil</u>, 884
F.2d 1510, 1517 (1st Cir. 1989); <u>Blinzler v. Marriott Int'l,</u>
<u>Inc.</u>, 857 F. Supp. 1, 2-3 (D.R.I. 1994). A magistrate judge's
factual finding is considered clearly erroneous when it is
contrary to the "clear weight of the evidence or when the court
has a 'definite and firm conviction that a mistake has been
committed.'" <u>Blinzler</u>, 857 F. Supp. at 3 (quoting <u>Holmes v.</u>
<u>Bateson</u>, 583 F.2d 542, 552 (1st Cir. 1978)). Where a
dissatisfied litigant objects to a magistrate judge's legal
ruling on a non-dispositive motion, the court considers whether
the ruling was contrary to law. <u>E.g.</u>, <u>Bryant v. Hilst</u>, 136
F.R.D. 487, 488 (D. Kan. 1991). The court is empowered to modify
or set aside any factual or legal ruling of a magistrate judge
which does not survive application of the clearly erroneous or
contrary to law standard of Rule 72(a). <u>E.g.</u>, <u>Blinzler</u>, 857 F.
Supp. at 2.

        Rule 72(b) provides that a dissatisfied litigant may obtain
a <u>de novo</u> review of a dispositive pretrial ruling issued by a
magistrate judge. Fed. R. Civ. P. 72(b); <u>see</u> 28 U.S.C.A. §
636(b)(1) (West 1993). A court performing a <u>de novo</u>
determination must carefully review the evidentiary record and

4

examine the pleadings, memoranda, and applicable law. <u>See</u> 28 U.S.C.A § 636(b)(1); <u>Myers v. United States</u>, 805 F. Supp. 90, 91, n.1 (D.N.H. 1992) (citing <u>United States v. Raddatz,</u> 100 S. Ct. 2406, 2411-13 (1980)).

The defendants have brought an objection under Rule 72(a). Arguably, the magistrate judge's order, although not styled as a report and recommendation, is dispositive as it deprives the town of a defense, and is therefore entitled to <u>de novo</u> review. However, as the dispute involves a pure question of law, the standards of review are essentially identical and therefore it is not necessary to resolve this issue.

In the instant action, the dismissal of the town was based upon a failure to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). Certain jurisdictions hold that a dismissal for failure to state a claim does not bar a new action on a complaint that does state a good claim. <u>See</u> Restatement (Second) Judgments, § 19, Reporter's Note at 167 (1980). However, this is not the rule in the federal system where pleadings are liberally construed, and amendment liberally awarded. <u>See</u> Fed. R. Civ. P. 8, 15. Under the federal rules, a dismissal under Rule 12(b)(6) without reservation is on the merits unless the contrary appears on the record or is stated in the order of dismissal. <u>Federated Dept. Stores, Inc. v. Moite</u>,

452 U.S. 394, 101 S. Ct. 2424, 69 L. ed. 2d 103 (1980); <u>Winslow v. Walters</u>, 815 F.2d 1114 (7th Cir. 1987). The dismissal has the same <u>res judicata</u> effect as if rendered after trial, thus barring a subsequent suit on the same claim. Fed. R. Civ. P. 41(b);

Had the town been the only defendant in this action, the court's dismissal of all claims against it would have resulted in entry of final judgment against the plaintiffs and the doctrine of <u>res judicata</u> would bar further action between the parties on all issues presented by the pleadings. However, because Grayson remained a viable defendant, the action proceeded forward and the case is not closed. Thus, the defendants may not use <u>res judicata</u> as a defense to the new claims.

Nonetheless, the doctrine known as "law of the case" is analogous to the doctrine of <u>res judicata</u>, except that the doctrine applies within the context of a single action rather than as a bar to subsequent actions. <u>Piazza v. Ponte Roque</u>, 909 F.2d 35, 38 (1st Cir. 1990). The law of the case doctrine posits that when a court has decided upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case. Therefore, as a general rule, courts will not revisit an issue that has already been decided, although a court may depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." <u>Arizona v.</u>

6

<u>California</u>, 460 U.S. 605, 618 n.8 (1982).  The doctrine seeks to "protect[] against the agitation of settled issues" by promoting finality and efficiency in the judicial process.  1B Jeremy C Moore et al., <u>Moore's Federal Practice</u> ¶ 0.404[1] (2d ed. 1984).

In allowing the motion to amend, the magistrate judge, relying on <u>Abbadessa v. Moore Business Forms, Inc.</u>, 987 F.2d 18 (1st Cir. 1993) ruled that

> The law of the case doctrine would apply in this case if, hypothetically speaking, this court had dismissed the equal protection claim as a matter of law.  However, as the equal protection claim, in the earlier order, was not dismissed on an issue of law, but rather on an issue of fact, the argument that the claim was fully and fairly addressed can hardly be entertained.

Order of July 7, 1995, at 8.  The magistrate judge misread <u>Abbadessa</u> and the court's earlier order.  <u>Abbadessa</u> is inapposite.  In <u>Abbadessa</u>, the First Circuit stated that when a motion for summary judgment is denied based on the existence of genuine issues of material fact, the law of the case doctrine precludes further motions on the same legal issue.  This is not the case before the court.  Moreover, the court did not dismiss the equal protection claim "on an issue of fact," but rather dismissed the town <u>as a matter of law</u>.  The magistrate's ruling is contrary to law and must be set aside.[1]  The town, having

---

[1]The court recognizes that the better course of action would have been to allow the plaintiffs to amend before entering the

prevailed with its motion to dismiss nearly one and a half years ago, has a settled expectation that it is no longer a party to the action. Therefore, to the extent that the magistrate allowed amendment to reassert claims against the town, the magistrate's order is vacated. No new claims may be brought against the town of Lisbon.

In addition, the defendants argue that the magistrate judge's allowance of the motion to amend violates Fed. R. Civ. P. 16(b) because there was no showing of good cause, and Fed. R. Civ. P. 15(a) because he failed to place the burden on the plaintiffs to show valid reason for their neglect and delay. Because the court has found that the plaintiffs may not amend as to the town, these objections only concern defendant Grayson. As such, the court employs the clearly erroneous and contrary to law standard of review.

The court has reviewed the magistrate judge's order and finds that he found good cause to allow amendment. Further, the court does not find that the magistrate judge engaged in improper

--------

dismissal without prejudice. However, the plaintiffs failed to request reconsideration of the order and the length of time between the dismissal and the second motion to amend suggests that allowing amendment at that time would have been futile.

8

burden shifting.  Although the order is not a model of clarity, the dictates of rules 16(b) and 15(a) were considered and followed.  The rulings are not contrary to law and the findings are not clearly erroneous.  The order may stand to the extent it allows amendment of the claims against Grayson.

## Conclusion

The court has carefully considered the defendants' objections to the magistrate judge's July 7, 1995, order (document no. 25).  The order is modified as follows.  The portion of the order allowing the plaintiffs to bring new claims against the town of Lisbon is vacated.  The town is no longer a party to this action.  The portion of the order allowing the plaintiff's to bring new claims against defendant Grayson stands as it is neither contrary to law nor clearly erroneous.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

August 30, 1995

cc:  Edward M. Van Dorn Jr., Esquire
     Michael Lenehan, Esquire