DECISION
Before the Court are consolidated Motions to Dismiss (Motions) filed by the Defendants C.B. Fleet Holding Company, C.B. Fleet Company, Inc., CVS, Inc., and Brooks Pharmacy, Inc. (collectively, "Defendants") in actions brought by Nora and Ronald Paris, Myrna *Page 2 
and Arthur Freedman, and Howard Crowell (collectively, "Plaintiffs").[1] Defendants argue that dismissal of these claims is required by the doctrine of forum non conveniens. The Plaintiffs have filed an objection. Jurisdiction is pursuant to G.L. 1956 §8-2-14(a).[2]
 I Facts and Travel
Plaintiffs Nora and Ronald Paris are residents of New Hampshire. Plaintiffs Myrna and Arthur Freedman and Howard Crowell are residents of Massachusetts. C.B. Fleet Company and C.B. Fleet Holding Company (hereinafter collectively "Fleet") are businesses incorporated and headquartered in Virginia. Brooks Pharmacy, Inc. ("Brooks"), at the time this litigation commenced, was a business incorporated in Delaware with corporate headquarters in Warwick, Rhode Island.[3] CVS is a business incorporated in Rhode Island with corporate headquarters in Woonsocket, Rhode Island. Venue is proper in this Court, pursuant to G.L. 1956 § 9-4-4.
Defendants are manufacturers and distributors of Phospho-soda, an over-the-counter product used by patients as a bowel-cleansing agent prior to undergoing colonoscopies and other medical procedures. Plaintiffs allege that they suffered personal injury, including kidney damage, as a result of consuming Phospho-soda in preparation for their colonoscopies. Nora Paris alleges that in 2004 she purchased Phospho-soda from a Brooks Pharmacy in Manchester, *Page 3 
New Hampshire. Howard Crowell alleges that he bought Phospho-soda at a Brooks Pharmacy in Cambridge, Massachusetts in 2005. Myrna Freedman alleges that in 2004 she bought the product at a CVS store in Medford, Massachusetts. Medical treatment for the injuries is alleged to have taken place in the states where Plaintiffs are residents.
Plaintiffs filed these actions seeking damages for their injuries. Defendants argue that the doctrine of forum non conveniens requires that the actions be dismissed.
 II The Doctrine of Forum Non Conveniens
The doctrine of forum non conveniens permits a court to dismiss an action when a plaintiff's choice of forum would be burdensome for the defendant, even though the claim satisfies the requirements of jurisdiction and venue. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501,507, 91 L. Ed. 1055, 1062 (1947);[4] Piper Aircraft Co. v. Reyno,454 U.S. 235, 241, 70 L. Ed. 2d 419, 426 (1981). A defendant seeking dismissal on the grounds of forum non conveniens must satisfy a two-pronged inquiry. Specifically, the defendant must show (1) the existence of an adequate alternative forum and that (2) various public and private interest factors "strongly favor litigating the claim in the alternative forum." See Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12
(1st Cir. 2000) (citing Gulf Oil Corp., 330 U.S. at 508-509 andMercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423-24 (1st Cir. 1991)). In applying the doctrine, "a plaintiff's choice of forum is *Page 4 
entitled to great weight and should be disturbed only in exceptional circumstances." Ebalah v. Republic Ins. Co., 879 F.Supp. 3, 4 (D.R.I. 1995).[5]
The Rhode Island Supreme Court has never ruled on or discussed the doctrine of forum non conveniens. See Kedy v. A.W. Chesterton Co., No. P.C. 04-1552, 2005 WL 1274282, at *2 (R.I.Super., May 27, 2005). Defendants argue that this Court should adopt the doctrine, and furthermore, that applying the doctrine, Rhode Island bears so tenuous a connection to these claims that they should be heard in the alternative forums of New Hampshire and Massachusetts.[6] Plaintiffs counter that because the doctrine of forum non conveniens has not been adopted in Rhode Island, this Court must deny Defendants' Motions. Alternatively, Plaintiffs argue that Defendants have failed to satisfy both prongs of the standard forum non conveniens analysis.
Assuming, arguendo, that the doctrine were applicable in these matters, this Court would still deny the Motions. The first element a defendant must show in a forum non conveniens inquiry is the existence of an adequate alternative forum. Plaintiffs Nora and Ronald Paris and Myrna and Arthur Freedman object that New Hampshire and Massachusetts, respectively, are unsuitable as forums because the applicable statute of limitations in those states bars their claims.[7] However, any inadequacy of New Hampshire and Massachusetts as alternative forums likely could be resolved, upon dismissal by this Court, by attaching the condition that Defendants *Page 5 
waive their statute of limitations defenses in those forums. SeeAtalanta Corp. v. Polskie Linie Oceaniczne, 683 F. Supp. 347, 352
(S.D.N.Y. 1988) (When dismissing a claim due to forum nonconveniens, courts may require "that defendants consent to the jurisdiction of the alternative forum and waive their statute of limitations defenses in that forum."); Schertenleib v. Traum,589 F.2d 1156, 1166 (2d Cir. 1978).
Regardless of whether or not New Hampshire and Massachusetts constitute adequate alternative forums, Defendants would not satisfy the second prong of the inquiry, in which courts balance the public and private interest factors promulgated in Gulf Oil Corp. See330 U.S. at 508-509. Private interest factors include:
 (1) the availability of compulsory process to compel attendance of unwilling witnesses; (2) the cost of attendance of willing witnesses; (3) the relative ease of access to sources of proof; (4) the ease of a view of premises, if such a view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive.
Ebalah, 879 F.Supp. at 4 (citing Gulf Oil Corp., 330 U.S. at 508). Public interest factors include:
 (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflict of law, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion.
Id. (citing Gulf Oil Corp., 330 U.S. at 508-509).
Beginning with private interest factors, Defendants have not demonstrated sufficient inconvenience to disturb the Plaintiffs' choice of forum. A Defendant seeking dismissal on the basis of forum nonconveniens must do more than show that another forum would be more convenient. A defendant must show that "trial in the chosen forum would `establish . . . *Page 6 
oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience.'" Everett/Charles Contact Products, Inc. v.Gentec, S.A.R.L., 692 F. Supp. 83, 87 (D.R.I. 1988) (quotingPiper, 454 U.S. at 241).
Defendants argue that they will be unduly burdened if these cases are tried in Rhode Island because important medical records are located in New Hampshire and Massachusetts, where the injuries allegedly occurred, and because physicians needed as witnesses are based in those states. However, according to Plaintiffs, many of the medical records pertinent to these cases have already been delivered to Defendants. As for the physicians who treated Plaintiffs, this Court recognizes that one of the most important factors to be considered is the convenience of witnesses.See Ebalah, 879 F.Supp. at 4, n1. Although trial of these cases in Rhode Island may increase the inconvenience of obtaining testimony from New Hampshire and Massachusetts-based physicians, these inconveniences are minimized by the close distances among Rhode Island, Massachusetts, and New Hampshire. Indeed, this Court did not dismiss the Plaintiffs' asbestos-related claims in Kedy, in which the Plaintiffs' injuries and medical treatment both occurred in Canada. See Kedy, 2005 WL 1274282, at *1-2, 7-8.
As an additional matter, Rhode Island has some advantages as a forum for this litigation. First, Rhode Island may be a suitable forum for procuring witness testimony and obtaining evidence related to the liability of Brooks and CVS. Although Brooks has recently been sold to Rite-Aid — a Delaware corporation with headquarters in Pennsylvania — both Brooks and CVS were headquartered in Rhode Island when the relevant events took place.[8] Second, Defendants propose litigating the Parises' case in New Hampshire and the cases of Myrna and Arthur Freedman and Howard Crowell in Massachusetts. Such an outcome would not necessarily be *Page 7 
more convenient to Defendants than litigating all of these cases in the single, nearby forum of Rhode Island.
Besides showing that private interest factors arguably might favor litigating these cases in the proposed alternative forums, Defendants would have to demonstrate that public interest factors favor the alternative forums. This Court finds that they would not. These actions are not purely localized controversies. Although the injuries to the Plaintiffs occurred in Massachusetts and New Hampshire, the product that allegedly injured Plaintiffs is manufactured by Fleet, a Virginia company, and sold by Brooks and CVS, until recently both headquartered in Rhode Island.
Moreover, litigation of these claims in Rhode Island is not expected to strain judicial resources. As observed in Kedy, "[a]t present, no litigation crisis exists in Rhode Island." Kedy, 2005 WL 1274282, at *7. The same observation applies today. Thus, assuming, arguendo, that this Court were to recognize the doctrine of forum non conveniens — which it does not — this Court would still deny the Motions.
 III Conclusion
As this Court does not now recognize the doctrine of forum nonconveniens, the Court denies the Motions now before it. Furthermore, even if this Court did so recognize the doctrine, for the reasons enumerated above, the Motions to Dismiss would still merit denial.
Counsel shall submit the appropriate order for entry.
[1] Due to the fact that multiple actions have been filed against the Defendants alleging kidney damage resulting from the use of Phospho-soda, the Presiding Judge of the Superior Court assigned all of these cases to one Justice for ease of management and to avoid unnecessary duplication during discovery. It must be observed, however, that notwithstanding the fact that overlapping issues, such as the instant Motions, often are heard contemporaneously, each case remains unique with respect to causation and specific injuries sustained by the individual Plaintiffs. Consequently, although it might appear that the Plaintiffs' actions have been consolidated into one lawsuit, they simply are part of a coordinated, Court-managed portfolio of cases. Accordingly, each case will be tried on its individual merits.
[2] Section 8-2-14(a) provides in pertinent part:
 "The superior court shall have original jurisdiction of all actions at law where title to real estate or some right or interest therein is in issue, except actions for possession of tenements let or held at will or by sufferance; and shall have exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of ten thousand dollars ($10,000). . . ."
[3] Brooks has recently been sold to Rite-Aid, a Delaware corporation headquartered in Pennsylvania.
[4] Since 1948, when Congress enacted 28 U.S.C. § 1404(a) (permitting transfer of a case between United States district courts for the "convenience of parties and witnesses"), federal courts no longer apply the common law doctrine of forum non conveniens for transfers between federal courts, though they continue to use the doctrine when the alternative forum is a state or foreign court. See Hartford Fire Ins.Co. v. Westinghouse Electric Corp., 725 F. Supp. 317, 321 (D. Miss. 1989). However, the analysis as set out in Gulf Oil Corp. is still used by federal courts for the remaining circumstances in which they apply the doctrine of forum non conveniens, as well as when transfer is sought pursuant to § 1404(a). Id. State courts applying the doctrine offorum non conveniens also look to Gulf Oil Corp. for authority.See, e.g., Gianocostas v. RIU Hotels, S.A., 797 N.E.2d 937, 940
(Mass.App. Ct. 2003).
[5] Nevertheless, "when the forum selected is not one where the events underlying the suit occurred[,]" then less weight is accorded to plaintiff's choice. Ebalah v. Republic Ins. Co., 879 F.Supp. 3, 4
(D.R.I. 1995).
[6] Defendants to the action by Nora and Ronald Paris assert that New Hampshire is the proper forum for the action. Defendants to the actions by Myrna and Arthur Freedman and by Howard Crowell assert that Massachusetts is the proper forum for the actions.
[7] Nora and Ronald Paris argue that New Hampshire would be an inadequate alternative forum because their action would be barred by New Hampshire's three-year statute of limitations for personal injury actions. See N.H. Rev. Stat. Ann. § 508:4 (establishing a three-year statute of limitations for all "personal actions"). Myrna and Arthur Freedman argue that their action would be barred by the three-year statute of limitations in Massachusetts. See Mass. Gen. Laws Ann. ch. 260, § 2A (providing that "actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.")
[8] Rite-Aid is a Delaware corporation with headquarters in Pennsylvania. The parties dispute whether the sale of Brooks reduces the likelihood that important witnesses and evidence will be available in Rhode Island.