Before the Court in these products liability actions are consolidated Motions to Dismiss (Motions) filed by the Defendants C.R. Bard, Inc. (Bard), and Davol, Inc. (Davol) *Page 2 
(collectively, the Defendants), against all of the above-named Plaintiffs.[1] The Motions are based upon the doctrine of forum nonconveniens. The Plaintiffs have filed objections. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.[2]
 I Facts and Travel
The instant matter involves litigation concerning allegations of defects in various models of the Composix® Kugel® Patches, or hernia patches, manufactured and sold by the Defendants C.R. Bard, Inc. and/or Davol, Inc., its wholly owned subsidiary. Davol, Inc., is a corporation headquartered in Rhode Island. Venue is proper in this Court, pursuant to G.L. 1956 § 9-4-4.[3]
Each Plaintiff alleges, inter alia, that he/she sustained personal injuries after receiving a surgically implanted hernia patch manufactured by the Defendants. As a result of their alleged injuries, the Plaintiffs filed individual actions against the Defendants in the Rhode Island Superior Court. None of the Plaintiffs is a resident of Rhode Island, and none of them allege that he or she received relevant medical treatment in this state. The Defendants urge the Court to *Page 3 
adopt the doctrine of forum non conveniens and assert that the doctrine requires dismissal of the Plaintiffs' actions.
 II The Doctrine of Forum Non Conveniens
The Defendants contend that the Court should adopt the doctrine offorum non conveniens because the relevant public and private factors weigh in their favor. As a result, they contend that the Plaintiffs' claims should not be heard in this Court. The Plaintiffs counter that neither the Rhode Island Supreme Court nor the Legislature has formally recognized this doctrine's application. They further assert that even if the Court were to adopt the doctrine of forum non conveniens, their cases are not inconvenient and that public and private factors weigh in the plaintiff's favor.
Assuming, arguendo, that this Court recognizes the doctrine offorum non conveniens, this Court would still deny the Motions. In general, "a plaintiff's choice of forum is entitled to great weight and should be disturbed only in exceptional circumstances." Ebalah v.Republic Insurance Company, 879 F.Supp. 3, 4 (D.R.I. 1995) (discussing the transfer of a case to a more convenient forum pursuant to28 U.S.C. 1404(a)). Nevertheless, "when the forum selected is not one where the events underlying the suit occurred[,]" then less weight is accorded to that choice. Id.
The doctrine of forum non conveniens allows a court to resist the imposition of jurisdiction even when jurisdiction is authorized by a general venue statute. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 7 S.Ct. 839, 91 L.Ed. 1055 (1947).[4] Thus, despite the existence of *Page 4 
jurisdiction and venue, a court nevertheless may dismiss an action under the doctrine of forum non conveniens when the chosen forum is so inconvenient that it would be unfair to the Defendant to conduct its defense of the claim in that location. Gulf Oil Corp., 330 U.S. at 507.
In determining an appropriate forum, a court balances the public and private factors promulgated in Gulf Oil Corp. Private interest factors include:
 "(1) the availability of compulsory process to compel attendance of unwilling witnesses; (2) the cost of attendance of willing witnesses; (3) the relative ease of access to sources of proof; (4) the ease of a view of premises, if such a view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive." Ebalah, 879 F.Supp. at 5 (citing Gulf Oil Corp., 330 U.S. at 508.)
Public interest factors include:
 "(1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflict of law, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion." Ebalah, 879 F.Supp. at 5 (citing Gulf Oil Corp., 330 U.S. at 508-09).
One of the important factors to be considered is the convenience of the witnesses. See Ebalah, 879 F.Supp. at 4, n1. Such consideration involves "something more than the number of witnesses located in the respective forums." Id. (quoting Houk v. Kimberly-Clark Corp.,613 F.Supp. 923 928 (W.D.Mo. 1985)). Rather, "[i]t requires the assessment of the nature and quality of their testimony in relationship to the issue in the case." Id. Accordingly, a defendant seeking to transfer a case "must state with particularity, by way of proof or affidavit, what *Page 5 
witnesses are to be called and what the nature of their testimony and the extent of their inconvenience will be." Id. (citing Blinzer v.Marriott International, Inc., 857 F.Supp. 1, 3 (D.R.I. 1994) andEssex Crane Rental v. Kirsch Construction, 486 F.Supp. 529, 535
(S.D.N.Y. 1980)). In doing so, the defendant must do more than simply show that another forum would be more convenient; instead, the defendant must demonstrate that "trial in the chosen forum would `establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience.'" Everett/Charles Contact Products, Inc. v.Gentec, A.A.R.L., 692 F.Supp. 83, 87 (D.R.I. 1988) (quoting PiperAircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)).
In the instant matters, the private factors currently weigh in favor of the Plaintiffs. The Defendants maintain that the Motions should be granted because their most crucial non-party witnesses — the treating physicians — cannot be compelled to appear before the Court due to the fact that those witnesses are beyond the Court's subpoena power. However, they have not stated "with particularity, by way of proof or affidavit, what witnesses are to be called and what the nature of their testimony and the extent of their inconvenience will be."Ebalah, 879 F.Supp. at 4, n1. Instead, they have made vague and unsubstantiated statements concerning the proposed medical witness testimony. Furthermore, even if they were to produce particularized affidavits, when balanced against the fact that Davol's principal place of business and documentary evidence is located in Rhode Island, and that most of its key employees, executives and other non-party witnesses who were involved in the manufacture, marketing and distribution of the hernia patches are located in this state, the potential for inconvenience and unfairness in defending the action in Rhode Island may still be minimized. See Gulf Oil Corp., 330 U.S. at 508-09. *Page 6 
Also, weighing against dismissal based upon the doctrine of forum nonconveniens is that should the individual plaintiffs re-file their actions in their respective states, it is quite likely that the cases then would be transferred back to Rhode Island.[5] The reason for this likely outcome is due to the fact that a Federal Judicial Panel ordered all hernia-patch-related Multidistrict Litigation (MDL) cases to be transferred to Rhode Island for pretrial proceedings pursuant to28 U.S.C. § 1407.[6] Although 28 U.S.C. § 1407 applies to actions filed in federal court, it is not *Page 7 
inconceivable that were the Plaintiffs to re-file their actions in their respective state courts, the Defendants likely would petition to have such cases removed to the relevant federal court. Thereafter, such cases automatically would be transferred to the Rhode Island MDL.
The Defendants further assert that "public interest" factors support dismissal based upon forum non conveniens. Specifically, they contend that the relevant factors serving the interest of justice weigh in their favor. Those factors include the local interest in deciding controversies where the claim arose; the local court's familiarity with governing state law; relative docket congestion between the proposed transferee and transferor courts; and, the practical considerations that could make a trial easy, expeditious or inexpensive.
The Plaintiffs counter that the state has an interest in allegations against a public corporation, the headquarters of which is located in the state, and the actions of which are centered in Rhode Island.See Gulf Oil Corp., 330 U.S. at 508-09. They further assert that the Rhode Island Court system is well-equipped to manage complex litigation and that to continue to do so does not tax the judicial system costs or personnel. The Court concurs. As previously observed in Kedy v.Chesterton, No. PC 2004 1552, 2005 WL 1274282, at *4 (R.I.Super., May 27, 2005), "[a]t present, no litigation crisis exists in Rhode Island." The same observation applies today. Thus, assuming, arguendo, that this Court recognizes the doctrine of forum non conveniens — which it does not — this Court would still deny the Motions. *Page 8 
 III Conclusion
As this Court does not now recognize the doctrine of forum nonconveniens, this Court denies the Defendants' Motions to Dismiss now before it. Furthermore, even if this Court did so recognize the doctrine, for the reasons enumerated above, the Motions to Dismiss would still merit denial.
Counsel shall submit the appropriate order for entry.
[1] It should be noted that due to the fact that so many actions have been filed against the Defendants involving their Composix® Kugel® Patches, the Presiding Justice of the Superior Court assigned all cases to one Justice for ease of management and to provide consistency in, and to avoid unnecessary duplication, during discovery. It must be observed, however, that notwithstanding the fact that overlapping issues, such as the instant motions, often are heard contemporaneously, each case remains unique with respect to causation and specific injuries sustained by the individual Plaintiffs. Consequently, these cases are part of a coordinated, Court-managed portfolio of cases. Accordingly, each case will be considered and tried on its individual merits.
[2] Section 8-2-14(a) provides in pertinent part:
 "The superior court shall have original jurisdiction of all actions at law where title to real estate or some right or interest therein is in issue, except actions for possession of tenements let or held at will or by sufferance; and shall have exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of ten thousand dollars ($10,000). . . ."
[3] Section 9-4-4, entitled Venue in Personal or Transitory Actions involving Corporations provides:
 "Personal or transitory actions and suits brought by or against corporations, if brought in the superior court, shall be brought in the court for the county . . . in which the other party or some one of the other parties dwell, or in the court for the county . . . in which the defendant or some one of the defendants shall be found, or in which the corporation is located by its charter, or if not located by its charter, in which the annual meetings of the corporation are required to be, or if not required to be, are actually held."
[4] Since 1948 when Congress enacted 28 U.S.C. § 1404(a) (permitting transfer of a case between United States District Courts for the "convenience of parties and witnesses"), federal courts no longer apply the common law doctrine of forum non conveniens for transfers between federal courts, though they continue to use the doctrine when the alternative forum is a state or foreign court. See Hartford Fire Ins.Co. v. Westinghouse Electric Corp., 725 F. Supp 317, 321 (D. Miss. 1989). However, the analysis as set out in Gulf Oil Corp. is still used by federal courts for the remaining circumstances in which they apply the doctrine of forum non conveniens, as well as when transfer is sought pursuant to § 1404(a). Id. State courts applying the doctrine offorum non conveniens also look to Gulf Oil Corp. for authority.See, e.g., Gianocostas v. RIU Hotels, S.A., 797 N.E. 2d 937, 940
(Mass.App. Ct. 2003).
[5] This, of course, is assuming that the relevant state statutes of limitation would not bar their claims. However, such a situation would not necessarily preclude dismissal under the doctrine of forum nonconveniens because a Court has the discretion to condition a dismissal upon a defendant's waiver of a statute of limitations defense. SeeAtlanta Corp. v. Polskie Linie Oceaniczne, 683 F.Supp. 347, 342 (S.D.N.Y. 1988 (holding that when dismissing a claim due to forum nonconveniens, a court may require "that defendants consent to jurisdiction of the alternative forum and waive their statute of limitations defense in that forum").
[6] Pursuant to 28 U.S.C. 1407(a),
 "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, that the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded."
In transferring the cases to Rhode Island, the Judicial Panel on Multidistrict Litigation (MDL) issued the following order:
 "[T]he Panel finds that all actions involve common questions of fact, and that centralization under Section 1407 in the District of Rhode Island will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.
 Each action involves allegations of defects in various models of hernia patches manufactured and sold by Bard, Davol or Surgical Sense [a non-Rhode Island corporation]. All actions can thus be expected to share factual questions concerning such matters as the design, manufacture, safety, testing, marketing and performance of these patches. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel; and the judiciary.
 Transfer under Section 1407 does not require a complete identity or even a majority of factual or legal issues as a prerequisite to transfer. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues; and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The . . . transferee court can employ any number of pretrial techniques — such as establishing separate discovery and/or motion tracks — to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee court. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee court deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. . . .
 Although any of the suggested districts would be an appropriate transferee forum for this litigation, we are persuaded that this litigation should be centralized in the District of Rhode Island. Davol's headquarters are located in this dictrict and thus witnesses and relevant documents will likely be found there." Transfer Order at 2-3. *Page 1